THE HOWE MACHINE COMPANY, Respondent. *v.* GEORGE R. PETTIBONE, Appellant.

Where, upon appeal from an order of General Term affirming an order of Special Term denying a motion to vacate an order for the service of a summons by publication and the judgment entered thereon, the papers contained in the printed record show a case authorizing the granting of

the order of publication, the order denying the motion is not reviewable here.

It is no objection to an affidavit, upon which an order for service by publication is granted, that some of the allegations as to non-residence are stated on information and belief; and these are proper to be considered upon the application.

A certificate of a sheriff, that he had used due diligence to find defendant for the purpose of serving the summons upon him, but from the best information he could obtain he learned that said defendant had left the State, was attached to and referred to in an affidavit upon which an order of publication was granted. *Held*, that it was proper to be considered as a source of information, and as a basis of an allegation upon information and belief as to non-residence and due diligence.

(Argued May 21, 1878; decided May 28, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term denying a motion to vacate an order for the service of summons by publication, and a judgment entered upon such service. (Reported below, 12 Hun, 657.)

The motion was made, among other papers, upon the judgment roll in the action. This contained an affidavit for an attachment; to the affidavit, upon which the order for publication was granted, was annexed a certificate of the sheriff, which was referred to in the affidavit.

The material allegations in the affidavit, and the substance of the certificate, are set forth in the opinion.

*Rastus S. Ransom*, for appellant. The papers upon which the order of publication was granted were insufficient. (*Evertson* v. *Thomas*, 5 How., 45; *Fiske* v. *Anderson*, 33 Barb., 76; *Waffle* v. *Goble*, 35 How., 559; *Peck* v. *Cook*, 41 Barb., 549; *Towsley* v. *McDonald*, 32 id., 604; 9 Abb., 66.)

*Steph. A. Walker*, for respondent. The facts in this case were sufficient to give the court jurisdiction. (*Von Rhade* v. *Von Rhade*, 2 T. & C., 491.)

MILLER, J. According to the papers contained in the printed record upon this appeal, which we have a right to

consider, there was sufficient evidence to authorize the granting of the order of publication by the judge to whom the application was made, and such being the case no appeal lies from the order of the General Term to this court. The affidavit of the plaintiff's president shows unequivocally that the defendant, who had been in the employment of the plaintiff, and in the receipt of moneys, drafts and checks during the temporary absence of that officer, had received, in the due course of the plaintiff's business, drafts of the plaintiff amounting to over $9,000, and also obtained a check of the plaintiff for $1,500, which he appropriated to his own use, and left the plaintiff's employment without any explanation or excuse. The affidavit also shows that the president of the company sent a person to the defendant's residence to make inquiry as to his absence, and that such person informed the president that he was told by those in charge on the premises that he was going to California on a two months vacation granted him by the plaintiff, which was false and untrue. He had also made false entries in plaintiff's books, and resorted to devices which indicated an intention to mislead and deceive ; to appropriate the plaintiff's moneys to his own use, and to leave the State. The facts and circumstances show, beyond question, that he was, to all intents and purposes, an absconding debtor, who had left the State with the intent to defraud his creditors. Such is the inference to be drawn from the positive proof alone, as sworn to, without regard to the information as to the defendant's intention, and which, as will be presently seen, is also to be considered. There can be no doubt, we think, that there was abundant proof to warrant the issuing of the attachment which was granted. But it is claimed that there was not sufficient evidence in the papers to authorize the order of publication within section 135 of the Code, as it did not appear that, after due diligence, the defendant could not be found within the State. In regard to this point, the affidavit of the president shows the commencement of an action, the issuing of an attachment to the sheriff of Westchester

county, and the return of the said sheriff that he had used due diligence to find the defendant, so as to serve the summons ; that no personal service of the summons could be made, and it was alleged therein that the deponent had reason to believe that the defendant had departed from the State with an intent to defraud his creditors, and especially the plaintiff. The sheriff's return, which was annexed to the affidavit, also establishes that, from his best information, the defendant was a non-resident, and had left the State and gone to California.

I think that the affidavit of the plaintiff, after the statement of the facts referred to, was enough to establish the fact of his non-residence, in connection with the information which supported the facts stated. The rule is well settled in this court that, where the place of a person's residence is unknown, information received from others is competent for the purpose of showing such residence, and there is no objection to the affidavit in a case of the character of the one now considered, because some of the allegations relating to non-residence are stated on information and belief. (*Van Wyck* v. *Hanley*, 39 How., 392.) Nor do I discover any reason why the sheriff's certificate in connection with an affidavit may not be considered as one of the means from which information can be derived, and upon which action may be taken, as it is made a part of the affidavit thereby. Although the Code requires an affidavit to show jurisdiction in the officer or court who grants the order, and while the sheriff's affidavit would present a stronger case, his certificate, which the affidavit refers to, is a basis upon which the allegation may properly be founded, as to the belief that the defendant has departed from the State. It is a legitimate presumption that such a certificate was made after due inquiry, and tends to the conclusion that the defendant could not be found within the State. The authorities cited by the defendant's counsel are not in conflict with the views expressed, as there was some evidence to authorize the granting of the order.

The appeal must be dismissed, with ten dollars costs.
All concur.
Appeal dismissed.