CATHERINE M. CARLETON, Respondent, *v.* DAVIS CARLETON, Appellant.

85 313
127 498

An affidavit upon which an order for the service of a summons by publication was issued stated " that defendant has not resided in the State of New York since March, 1877, and deponent is advised and believes is now a resident of San Francisco, California." *Held*, that this was not sufficient, under the Code of Procedure (§ 135), to authorize the granting of the order ; that it was merely an allegation of non-residence, and did not tend to establish that defendant could "not after due diligence be found within the State.'

*Belmont* v. *Cornen* (82 N. Y. 256), *H. M. Co.* v. *Pettibone* (74 N. Y. 68), distinguished.

*Carleton* v. *Carleton* (23 Hun, 251), reversed.

(Argued May 3, 1881; decided May 13, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 14, 1880, which affirmed an order of Special Term denying a motion to set aside the order for the publication of the summons and all subsequent proceedings in this action. (Reported below, 23 Hun, 251.)

The motion was made under the Code of Procedure (§ 135); it was based on the ground that the affidavit upon which the order was granted did not state that defendant could not, after due diligence, be found in the State. The only statement in the affidavit on the subject was as follows: " That defendant has not resided within the State of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California."

*S. Cromwell* for appellant. An affidavit for the service of a summons by publication on a non-resident defendant must show that the person to be served cannot, after due diligence, be found in the State. (1 Wait's Pr. 518 ; Code of Procedure, § 135 ; *Evertson* v. *Thomas*, 5 How. 45.) The validity of the order for the publication of the summons must be judged solely upon the sufficiency of the affidavit upon which it was granted. (*Wortman* v. *Wortman*, 17 Abb. 66; *Easterbrook* v. *Easter-*

*brook,* 64 Barb. 421; *Bixby* v. *Smith,* 3 Hun, 60; *Welles* v. *Thornton,* 45 Barb. 390; *Hallet* v. *Righters,* 13 How. 43; · *Kendall* v. *Washburn,* 14 id. 380; *Van Wyck* v. *Hardy,* 11 Abb. 473–476; *Peck* v. *Cook,* 41 Barb. 549; *Waffle* v. *Goble,* 53 id. 517; *Evertson* v. *Thomas,* 5 ·How. 45; *Towsley* v. *McDonald,* 32 Barb. 504; *Campbell* v. *Taylor,* 9 Weekly Dig. 14.)

*William Kernan* for respondent.  The statement in the affidavit ".that the defendant has not resided within the State of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California," is sufficient.  (Old Code, § 135; *Varnam* v. *Holbrook,* 5 How. Pr. 3; *Roche* v. *Ward,* 7 id. 416; *Van Wyck* v. *Hardy,* 20 id. 222; affirmed, 39 id. 393; *Allen* v. *Malcolm,* 12 Abb. Pr. [N. S.] 335; *Steinle* v. *Bell,* 12 id. 171; *Titus* v. *Relyea,* 16 How. Pr. 371, 375; *Barnard* v. *Heydrick,* 49 Barb. 62, 70; *Howe Machine Co.* v. *Pettibone,* 74 N. Y. S. C. [T. & C.] 491, 495; *Belmont* v. *Cornen,* 82 N. Y. 256.)

MILLER, J.  The authority of the court to grant an order of publication for the service of the summons on the defendant was by virtue of section 135 of the Code of Procedure, which declares that "when the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State, and that fact appears by affidavit to the satisfaction of the court or judge thereof," etc.  The affidavit upon which the order was granted stated that "the defendant has not resided within the State of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California."  The court or judge to whom the application is made must be satisfied as to the sufficiency of the evidence, that due diligence has been used to find the defendant within the State, and that after such diligence he cannot be found therein.  If the evidence has a legal tendency to show that such diligence had been employed, and that the defendant could not be found within the State, it

conferred jurisdiction upon the court or officer, although the proof is slight and inconclusive. (*Staples* v. *Fairchild*, 3 Comst. 46.) The appeal presented involves the question whether an affidavit showing non-residence, without proof where the defendant actually was at the time, makes out a case within the provision of section 135, herein cited. The affidavit states that the defendant has not resided in the State for some time and on information and belief where he does reside. There is no statement, however, that due diligence has been used, or that any effort whatever has been made to find him, and that he cannot be found within the State. It is a simple allegation of non-residence, from which fact the court were asked to infer that due diligence had been used. The Code evidently meant to require proof that the defendant could not be found after due diligence. The proof furnished does not establish such diligence, for it may well be that the defendant might be found within the State if a diligent effort had been made to seek him out. It is a well-known fact that many persons who are residents of one State have places of business and transact such business in a State different from that in which their residence is located. They are frequently in the latter State, and pass most of their time there. Such persons could be readily found in the State where they do business if due diligence was used for that purpose, and non-residence, of itself, does not necessarily show that they cannot be found within the State, or raise a presumption that due diligence has been used, or that it was not required. It is not non-residence alone which constitutes the ground for making the order, and it, therefore, cannot be urged that proof of this fact furnishes sufficient reason for a conclusion of the judicial mind, that due diligence had been employed to find the defendant within the State. It is manifest that the provision of the Code cited contemplated that the defendant might, as in case of his doing business within the State, be found therein by an effort for that purpose, although his residence was in an adjacent or in another State. And in placing a construction upon section 135 it should not be overlooked that it not only applies to a defendant who is a non-resi-

dent of the State, but to one who has departed therefrom with the intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed with the like intent. Cases may arise where the proof of residence in a distant State at the very time and of an absolute location there, would be so strong and conclusive as to render it entirely apparent that no act of diligence would be of any avail; and if the affidavit here had stated positively, and distinctly that the defendant was at the time not only a resident of the State of California, but was then actually living in that State, there would be ground for claiming that due diligence would be unavailing. But the affidavit is not specific and certain as to the fact that the defendant even, although a non-resident, might not be found within the State by the use of due diligence, and hence was insufficient to confer jurisdiction.

In the case of *Belmont* v. *Cornen* (82 N. Y. 256), the affidavit contained allegations tending to show that an effort had been made to find the defendant within the State and that he was not there, and hence it conferred jurisdiction upon the court or judge to pass upon the question of the sufficiency of the proof. The affidavit here contains no such averment, and rests entirely upon the fact of non-residence and the inference arising therefrom. So, also, in *Howe Machine Co.* v. *Pettibone* (74 N. Y. 68), it appeared that there was a certificate of the sheriff that he had used due diligence to find the defendant, for the purpose of serving the summons upon him, and that, from the best information he could obtain, he learned he had left the State, and it thus differs from the case at bar. The precise point considered has never been presented to this court, and the authorities on the subject, which are numerous, are quite conflicting in the Supreme Court.

Without discussing them, we are brought to the conclusion, that the affidavit was insufficient in not showing that the defendant could not, after due diligence, be found within the State; and upon this ground the order should be reversed and the motion to vacate the judgment granted.

All concur.

Ordered accordingly.