## SUPREME COURT.

### Solomon H. Greenbaum and William Josephy agt. Tomas Dwyer and Joseph W. Bell.

*Summons — Service of, by publication — What proof of inability to serve the defendant in this state insufficient — Code of Civil Procedure, section 439.*

When the allegations in the papers on which an order for the service of a summons by publication was issued was as follows: The affidavit alleged "that as deponent is informed and believed that the defendants are not residents of this state, but reside in the city of Laredo, state of Texas, as deponent is informrd by defendants themselves in letters received from them at said place." Also, "that deponent has caused a summons and complaint to be issued in this action against the said defendants to the sheriff of the city and county of New York, but that said defendants cannot be found, after due diligence, within this state, and that deponent is informed and believes that said defendants are now in the city of Laredo, state of Texas." The complaint states that the defendants are, and at all times hereinafter mentioned, were copartners, doing business in the city of Laredo, state of Texas, under the firm name of Tomas Dwyer & Co. :

*Held,* that this was not sufficient under section 439 of the Civil Code of Procedure to authorize the granting of this order.

*At Chambers, December,* 1883.

*Gilbert R. Hawes,* for plaintiff.

*Forbes & Sage,* for defendants.

Lawrence, *J.* — The application in this case is to vacate an order directing the service of the summons by publication, on the ground that the affidavit on which the same was obtained was insufficient to justify the granting of the order.

The affidavit recites "that as deponent is informed and believed that the defendants, Tomas Dwyer and Joseph W. Bell, are not residents of this state, but reside in the city of Laredo, state of Texas, as deponent is informed by said defendants themselves in letters received from them at said place." Also, "that deponent has caused a summons and complaint to be issued in this action against the said defendants to the sheriff of the city and county of New York, but that said defendants cannot be found, after due diligence, within this state, and that deponent is informed and believes that said defendants are now in the city of Laredo, state of Texas." The complaint in the action states that the defendants are, and at all times hereinafter mentioned, were copartners, doing business in the city of Laredo, state of Texas, under the firm name or style of Tomas Dwyer & Co. These are all the allegations in the papers on which the order of publication was granted showing the inability of the plaintiffs, with due diligence, to make personal service upon the defendants of the summons within this state. Under the old Code of Procedure, the affidavit would have been plainly insufficient (*See Wortman* agt. *Wortman*, 19 *Abb. Pr. R.*, 17, *and cases cited in the opinion of* SUTHERLAND, *P. J.; Peck* agt. *Cook*, 41 *Barb.*, 549; *Bixby* agt. *Smith*, 3 *Hun*, 60, *opinion of* DAVIS, *P. J.*). I was inclined on the argument to the opinion that, under section 439 of the Code of Civil Procedure, the affidavit in this case might be deemed to be sufficient, inasmuch as it referred to letters received from the defendants themselves in the city of Laredo. Subsequent reflection and an examination of the section in question lead me to the conclusion that this impression was erroneous. The letters relied on to establish that the defendants were non-residents at the time the order was made are not attached to the affidavits, nor are even their dates given. The reference to them, therefore, in the affidavit furnishes no proof that they establish that the defendants could not, with due diligence, be personally served with the summons in this

state. In *De Weerth* agt. *Feldner* (16 *Abb.*, 295), the general term of the common pleas held that where documents are relied upon in an affidavit presented for the purpose of obtaining a provisional remedy, the documents themselves or copies thereof must be furnished to the court. In the absence of such letters or copies thereof, the plaintiffs' case was not strengthened upon the question of due diligence by a simple reference to them in the affidavit. The plaintiffs' affidavit, as we have before seen, shows that the summons and complaint had been issued to the sheriff of this county, and alleges that the defendants cannot be found, after due diligence, in this state, and the deponent is informed and believes that said defendants are now in the city of Laredo, state of Texas. It does not state that the sheriff has so informed the deponent, nor does the sheriff make any certificate showing that he has made any efforts to serve the summons and complaint upon the defendants within this state. I cannot, therefore, distinguish this case from that of *Carleton* agt. *Carleton* (85 *N. Y.*, 313). In that case the cases of *Belmont* agt. *Cornen* (82 *N. Y.*, 256) and *Howe Machine Company* agt. *Pettibone* (74 *N. Y.*, 68), which are relied upon by the plaintiffs' counsel, are commented upon and distinguished, and the decision in the former case was supported on the ground that the affidavit therein contained allegations tending to show that an effort had been made to find the defendant within the state and that he was not there, and hence it conferred jurisdiction upon the court or judge to pass upon the question of the sufficiency of the proof, and in the latter case it appeared that there was a certificate of the sheriff that he had used due diligence to find the defendant for the purpose of serving the summons upon him, and that from the best information he could obtain he learned he had left the state. No such feature exists in the case now under consideration, nor, as I view it, is any fuller information imparted by the affidavits than was presented in the case of *Carleton* agt. *Carleton* (*supra*), where the affidavit stated that

the defendant "has not resided within the state of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California." The plaintiff relies upon the case of *Smith* agt. *Mahan* (27 *Hun*, 40), decided by the general term of this department. In that case, however, the motion was made by a non-resident and junior attaching creditor, and a *quœre* was expressed as to whether the affidavit could have been sustained if the motion had been made by the debtor himself (see opinion of DAVIS, P. J., on concurring in the opinion of BRADY, J.; DAVIS, P. J., and BRADY, J., only being present). I do not regard that case, therefore, as in point, and shall follow the decision of the court of appeals in *Carleton* agt. *Carleton*, already referred to.

Motion granted, with ten dollars costs, to abide event.