CHARLES S. KENNEDY, Appellant, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, Respondent.

*Service of a summons by publication — the affidavit must show that the defendant cannot after due diligence be found within the State — Code of Procedure, sec. 135.*

In an action to foreclose a mortgage an order for the service of the summons by publication upon certain of the defendants was made upon an affidavit which stated that the said defendants "cannot after due diligence be found within this State, they being residents as follows, viz.:" (naming three different States in which the said defendants respectively resided); "that the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence."

*Held,* that the affidavit failed to show that the defendants could not "after due

diligence be found within the State," as required by section 135 of the old Code, and that the court had no power to make the order.

*Carleton* v. *Carleton* (85 N. Y., 313) followed.

*Quære,* as to whether it would have been sufficient to have stated positively in the affidavit that "due diligence had been used," or whether the facts constituting such due diligence should have been stated. (Per PRATT, J.)

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The defendant, by a written contract dated March 17, 1883, agreed to sell to the plaintiff the premises No. 91 Maiden lane, New York, the plaintiff paying down $500 at the time of signing the contract. At the adjourned time of closing the transaction, viz., May 8, 1883, the plaintiff refused to accept the defendant's deed, alleging that the title was defective.

This action was brought to recover the $500 paid down by the plaintiff and his expenses, amounting to $231, on the examination of the title, with interest. The defect complained of was the insufficiency of an affidavit used on a motion for an order to serve by publication certain of the defendants in a foreclosure suit, through which the defendant's title was derived.

The affidavit upon which the order was made stated, among other things, "that the said Samuel Hurlburt, Edward N. Hurlburt, Lemuel Hurlburt, Elizabeth N. Hurlburt, Daniel Kempton, George A. Fuller and Samuel Stedman cannot after due diligence be found within this State, they being residents as follows, viz.: The said Samuel Hurlburt and Edward N., Lemuel and Elizabeth N. Hurlburt, of Baltimore, in the State of Maryland; the said Daniel Kempton, of Paterson, in the State of New Jersey, and George A. Fuller and Samuel Stedman, of Lawrence, in the State of Massachusetts; that the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence."

*J. T. Marean,* for the appellant.

*R. E. Robinson,* for the respondent.

PRATT, J.:

This case falls within the principle laid down by the Court of Appeals in the case of *Carleton* v. *Carleton* (85 N. Y., 313). The

affidavit upon which the order was based, so far as it concerns the question here, is as follows : The said Sarah Hurlburt, and others, cannot, after due diligence, be found within the State ; they being residents of Baltimore, in the State of Maryland. But the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence. The first part of the affidavit is the equivalent of saying that the defendants, being residents of Baltimore, cannot be found within the State. It is a conclusion or opinion formed from the fact that the defendants were non-residents. Neither does the bare statement that the defendants cannot after due diligence be found, state or imply that any effort or attempt had been made to serve within the State. It in no sense is a statement of fact, but is purely the statement of the opinion of the affiant. The last part of the affidavit is equally deficient of any necessary statement of fact to confer jurisdiction for granting the order stating that " the summons herein was duly issued for said defendants," does not imply any diligence to serve it. No fact is stated in the affidavit from which the judge, to whom it was presented, might infer that an attempt had been made to serve within the State. It does not even state that any attempt was made.

The law requires proof that a defendant cannot be found after due diligence, or proof of such a state of facts as to show that diligence would be of no avail in affecting a service within the State. Proof as to where the defendant actually was at the time, would excuse any effort to serve at another place.

It is plain under the case of *Carleton* v. *Carleton* that merely alleging that a defendant is a non-resident affords no ground for assuming that due diligence has been used.

It is not necessary to determine whether it would have been sufficient if the affidavit had positively stated that " due diligence had been used " or whether a statement of the facts constituting due diligence was essential, as no such proof is contained in the affidavit.

If these views are correct, it follows that the judgment must be reversed, and a new trial granted, costs to abide event.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed, and new trial granted, costs to abide event.