By the Court.—Ingraham, J.
The defendant, Swivel, alone answered, and the issues raised by that answer were tried at special term. The New York Café Co. did not answer.
An order was obtained directing the service of the summons by publication on the defendant Libby, she being a non-resident, and personal service of the summons was made on her under the provisions of that order in the state of Mississippi. The defendant Libby did not appear in the action.
The court below found that the assignment by the defendant Swivel to defendant Libby of the certificates for one hundred and forty shares of the capital stock of the defendant, Café Co., was fraudulent and void as to the plaintiff, and directed judgment that the said corporation issue and deliver to a receiver a certificate for the said one hundred and forty shares of the said stock. From this judgment defendant Swivel appealed.
An examination of the evidence shows that there was sufficient to sustain the findings of the court, and so far as the judgment affects the defendant Swivel, there was no error committed that would justify a reversal of the judgment.
It follows, therefore, that on the appeal of the defendant Swivel, the judgment appealed from must be affirmed, with costs.
Judgment was entered without notice to the defendant, Café Company, and without the direction of the court or the judge who tried the case. The judgment directed the said company to issue and deliver to a receiver appointed in this action, certificates for the one hundred and forty shares of the capital stock of the said corporation. The defendant, the Café Company, on affidavit, moved to resettle the judgment by requiring in effect that the surrender of the old certificates before the defendant corporation *6 should be required to issue new certificates for said stock. The court, on hearing the motion, directed the same judgment to be entered nunc pro tunc as of June 10, 1884, and from this order the defendant, Café Company, appealed.
The stock in question had been transferred to the defendant Libby by Swivel, and stood in her name on the books of the corporation. That transfer was good as to all the world except creditors, but as to them it was voidable only on it appearing that it was in fraud of their rights. Swivel was the owner of the stock, and on his transfer of it to Libby, she became vested with an absolute title to the stock, subject to the right of the creditors to attack the transfer as fraudulent ; and her right to the stock could not be taken away except in an action in which she was a party and was before the court.
Until the delivery of the certificates of stock by her with a proper transfer or assignment, the company had no right to transfer the stock, represented by said certificates, or issue new certificates in their place except upon the judgment of a court of competent jurisdiction, in an action in which she was a party. In no way could she be divested of her ownership by the corporation (Kent v. Quicksilver Mining Co., 78 N. Y. 159).
Defendant Libby was a party to this action, and plaintiff attempted to serve her with a summons under an order directing the service of the summons by publication. The affidavit on which, this order directing the publication was granted, was not, however, sufficient to give the judge who granted it, jurisdiction.
The only fact alleged in the affidavit was that the defendant Libby was a non-resident, and for that reason personal service within the state of the summons on her could not be made.
The court of appeals, in the case of Carleton v. Carleton (85 N. Y. 313), held under section 135 of the Code of Procedure, that an affidavit that the-defendant was a nonresident of the state, without proof where the defendant *7 actually was at the time, was not sufficient to give the court jurisdiction to make the order ; that some evidence must be shown from which the court could find that the defendant was not at the time within the state, and personal service of the.summons therein could not, with due diligence, be made, and that the mere fact of non-residence was not sufficient (See also Kennedy v. N. Y. Life Ins. Co., 32 Hun, 35 ; Greenbaum v. Dwyer, 66 How. 266, under § 439, Code Civ. Pro.).
But if the order had been valid, there was no legal evidence that the summons had been served on the defendant Libby under its provisions. Plaintiff presented what purported to be an affidavit signed by D. E. Rosser, and which purported to be subscribed and sworn to before John L. Gill, clerk of circuit and ex officio notary public, and to that was attached a certificate headed : “State of Mississippi, Bolavar County. I, T. R. McGuire, clerk of the chancery court in and for said county, and ex officio clerk of the board of supervisors in and for said county, do hereby certify that John L. Gill, whose signature is attached to the foregoing certificate, is and was at the time of the siging of the said certificate, clerk of the circuit court and ex officio notary public in and for said county, duly qualified to act as such.”
Section 844 of the Code of Civil Procedure provides, that to entitle, an affidavit made out of the state, to be received in an action, it must be accompanied with a like certificate as to the official character of the officer taking the affidavit and the genuineness of his signature, as are required to entitle a deed acknowledged before him .to be recorded in this state.
The certificate required to entitle a deed acknowledged before him in this state is regulated by section 1 of chapter 557 of the laws of 1867. The certificate in question does not comply with the provisions of that section. It does not certify that the officer was duly authorized to take the affidavit, or to take and certify the acknowledgment of deeds to be recorded in that state. Nor does it certify *8 that the clerk signing the certificate is well acquainted with the handwriting of such officer, and believes the signature to the verification of the affidavit to be genuine. The paper is, therefore, not an affidavit, and is no proof of the fact therein stated (Harris v. Durkee, 50 Super. Ct. 202).
It appearing that the order of publication was void, and that there was no proof of service on the defendant Libby, I am of opinion that no judgment should have been entered adjudging that the transfer of the stock of the Café Go. to defendant Libby was void, and directing the defendant, Café Go., to issue a new certificate therefor, and that so much of the order as directs the entry of the judgment nunc pro tunc, as of June 10, 1884, should be reversed, and the judgment vacated with costs and disbursements to the New York Café Go. (limited).
Sedgwick, Oh. J., and Freedman, J., concurred.