ESTHER WUNNENBERG, Appellant, *v.* THOMAS
GEARTY and Others, Defendants.

GEORGE MALCOM, Purchaser, Respondent.

*Service of summons by publication — what facts show inability to make a personal
service — Code of Civil Procedure, sec. 439.*

In an action to foreclose a mortgage an order directing the summons to be served
by publication on certain of the defendants was made upon an affidavit of
one of the plaintiff's attorneys, which stated, among other things, that since
the commencement of the action he had made, and caused to be made,
inquiries as to the residences of the defendants; that three of them, whose
names he gave, were each non-residents of the State of New York, and that
each of them resided at Balley-bag, county Monaghan, Ireland; that he was
informed and believed that the summons could not, after due diligence, be
served on said defendants, or either of them, and that it was necessary to
serve the summons on them by due publication thereof.

The affidavit of one Burke was also presented, which stated that he had been
directed to serve the summons on all the defendants; that he had served a num-
ber of them, but had been unable, with due diligence, to serve those named
in the affidavit of the plaintiff's attorney, and that the said defendants were
non-residents of the State of New York and resided in Ireland.

*Held,* that the fact that the plaintiff had been and would be unable, with due
diligence, to make personal service of the summons upon those defendants,
was sufficiently established to authorize the granting of an order directing its
service by publication.

*Kennedy* v. *New York Life Insurance and Trust Company* (32 Hun, 35); *Carleton*
v. *Carleton* (85 N. Y., 313), distinguished.

Appeal from an order made at a Special Term, denying a motion
to compel a purchaser at a foreclosure sale to complete his purchase.

*E. C. Boardman,* for the appellant.

*J. F. Bullwinkel,* for the purchaser, respondent.

Dykman, J.:

This is an action for the foreclosure of a mortgage. A sale of
the property has been made under the judgment to George Malcom,
who refused to complete his purchase. His refusal was based on
the insufficiency of the affidavits on which was founded an order
for the service of the summons, by publication, on certain defend-

ants in the action. The specific objection to the affidavits is, that they do not show that the plaintiff was unable, with due diligence, to make personal service of the summons. A motion was made to compel the completion of the purchase, which was denied, and the case comes to us on appeal from that order.

The material portions of the affidavit on which the order for service, by publication, was made, are as follows: One of the attorneys for the plaintiff says, in his affidavit, "that since the commencement of this action, he has made and caused to be made inquiries as to the residences of the said defendants;" * * * "that said defendants Elizabeth Boylan, Catharine Boylan and John Boylan are each non-residents of the State of New York, and that said defendants each reside at Bally-bag, county Monaghan, Ireland; that the said defendant Elizabeth Boylan is of full age, and that the defendants Catharine Boylan and John Boylan are each infants over the age of fourteen years. Deponent further says that, as he is informed and believes, the summons herein cannot, after due diligence, be served on said defendants or either of them, and that it is necessary to serve the summons on them by due publication thereof." The persons named in this affidavit are the defendants who were served by publication.

There was also presented at the same time an affidavit of John E. Burke, who swears therein that " he was directed by the plaintiff's attorneys to serve the summons herein on the defendants herein, and for that purpose received copies of said summons; * * * that deponent has served said summons upon a number of the defendants herein; * * * that the plaintiff has been unable, with due diligence, to make personal service of the summons herein on the defendants Elizabeth Boylan, Catharine Boylan and John Boylan, or either of them, and that deponent cannot, after due diligence, serve the same upon said defendants, or either of them. Deponent further says that said defendants Elizabeth Boylan, Catharine Boylan and John Boylan are non-residents of the State of New York, and that each reside at Bally-bag, county Monaghan, Ireland." There was also a verified complaint showing a sufficient cause of action.

The sufficiency of these affidavits must be tested by the require-

ments of the Code of Civil Procedure. Section 438 provides that an order directing the service of a summons upon a defendant without the State, or by publication, may be made where the defendant to be served being a natural person is not a resident of the State. Section 439 requires the order to be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served, and proof by affidavit of the additional facts required by the last section ; and, also, where the application is made, as it was here, upon the ground that the defendant is not a resident of the State, that the plaintiff has been, or will be, unable with due diligence to make personal service of the summons.

Thus it appears that, in the case of a non-resident defendant, these sections require a verified complaint containing a cause of action against the defendant to be served, proof by affidavit of the non-residence, and that the plaintiff has been, or will be, unable with due diligence to make personal service.

In the case before us there was furnished to the judge who made the order a verified complaint, as required and positive proof by affidavit, that all the defendants to be served by publication resided in Ireland. In addition to that he had positive proof that the attorneys for the plaintiffs delivered copies of the summons to John Burke, with directions to serve them, and thus he had proof of some exertion and diligence to make a personal service ; also, he had proof by the affidavit of one of the attorneys for the plaintiff that he was informed and believed that the summons could not after due diligence be served on the defendants, and this was supplemented by the affidavit of Burke, who was charged with the duty of making the service ; that he had served the summons on a number of the defendants, but that he had been unable with due diligence to make personal service on the three defendants named, and he also proved the non-residence of those defendants.

If these statutory provisions are to receive a practical construction, they have been satisfied in this case. They do not require extreme diligence or extraordinary exertion. They only require proper, suitable diligence, such as the circumstances require, and what was required in this case. After it was ascertained that the defendants to be served resided in Ireland, the strong natural presumption arose that they were there and could not be found in this

State. Still, the efforts to make personal service did not cease, and a competent person was charged with the duty of finding all the defendants and making personal service. He received the summons and commenced the performance of his duty, and found a number of the persons to be served, but was unable after due diligence to find the three defendants named. Was not this reasonable diligence? Did the circumstances of the case require more? If so, what more? No diligence could result in personal service within the State, for the persons to be served lived in Ireland. An effort was made to serve all the defendants personally within this State, and, in view of the non-residence of the defendants in question, that attempt amounted to due diligence, and was all that could be required.

These defendants resided in Ireland, and while that fact did not dispense with the necessity for some effort to make personal service in this State, yet it does assist in the solution of the question of due diligence, and under all the circumstances of this case we conclude that the order of publication was founded on proof sufficient to sustain its validity. We cannot overlook the fact that objection to this order of publication is technical, and that title to real estate depends upon the validity of this judgment, nor to that other important fact that ample and liberal provision is made by section 445 of the Code to open the judgment for defendants served by publication, and permit them to defend even seven years after the filing of the judgment-roll. Such are our conclusions, based on the peculiar features of this case, and although we have examined all the cases, we find ourselves antagonistic to no decision on the subject. The statutes in question have received practically the same construction in all the cases, although the orders have sometimes been held 'invalid by reason of the insufficiency of the proof on which they were founded.

In the case of *Kennedy* v. *New York Life Insurance and Trust Company* (32 Hun, 35), no fact was stated in the affidavit from which it could even be inferred that an attempt had been made to serve the defendant personally within the State, and it was held to be insufficient. In the case of *Carleton* v. *Carleton* (85 N. Y., 313), the affidavit simply stated that "the defendant has not resided within the State of New York since March,

1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California." There was no allegation in the affidavit that the summons had been placed for service, or that any effort had been made to accomplish personal service within the State, and it was held insufficient. So we are in conflict with no decision, and we believe our construction to be reasonable and the only one under which these statutes can be operated in actual practice.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the notice to compel the purchaser to complete his purchase, should be granted, with ten dollars costs.

BARNARD, P. J., and PRATT, J., concurred.

Order reversed, with costs and disbursements, and motion granted, with costs.