OLE SIMENSEN V. RHODA SIMENSEN.

Opinion filed July 26, 1904.

**Publication of Summons — Affidavit — Showing of Diligence.**

1. Under the provisions of the Code formerly in force in this state, an affidavit for publication of summons which fails to show that proper diligence was used to find the defendant in this state is fatally defective, and a publication of summons based upon such affidavit confers no jurisdiction of the person of the defendant.

**Appearance Makes Void Process Valid.**

2. A defendant who has not been properly served with summons, who moves to vacate a default judgment entered in favor of plaintiff, upon jurisdictional grounds, but also asks permission to file an answer, thereby waives service of summons by making a general appearance, and jurisdiction over the person of such defendant is complete from the date of such general appearance, but does not relate back, so as to cure void proceedings theretofore had.

Appeal from District Court, Ramsey county; *Palda,* J.

Action by Ole Simensen against Rhoda Simensen. Judgment for plaintiff. Defendant appeals.

Reversed.

*George E. Dietrich, John F. Henry,* and *Henry M. Gray,* for appellant.

Affidavit for publication of summons must not follow in the language of the statute merely, but state the evidential facts showing the existance of ultimate facts requisite to the granting of an order for the publication. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Coughran v. Markley, 87 N. W. 2; Bothell v. Hoellwarth, 74 N. W. 231.

Affidavit must show not only that the defendant was a nonresident; but that she could not be found in the state. Bothell v. Hoellwarth, supra; Carlton v. Carlton, 85 N. Y. 313.

Publication cannot be granted on an uncertain showing, but only on facts existing at the date of the order or very nearly prior thereto. Rosevelt v. Land & River Co., 84 N. W. 157; New York Baptist Union for Ministerial Education v. Atwell et al., 54 N. W. 760; Adams v. Hosmer, Circuit Judge, 56 N. W. 1051; Forbes v. Hyde, et al., 31 Cal. 342; Cohn v. Kember, 47 Cal. 144; Armstrong v. Middlestadt, 36 N. W. 151; Campbell v. McCahan, 41 Ill. 45;

Foster v. Jelinski, 3 Ill. App. 345; Rockman v. Ackerman, 85 N. W. 491.

Where notice is given by publication, the court acquires no jurisdiction to render judgment until proper proof of compliance with the statute appears of record.  17 Enc. Pl. & Pr. 47; Barber v. Morris, 37 Minn. 194.; Priestman v. Priestman, 72 N. W. 535; Horn et al. v. Indianapolis Nat'l Bank, 25 N. E. 558; Reed v. Catlin, 6 N. W. 326; Allen v. Richardson, 92 N. W. 1075.

*Townsend & Denoyer,* for respondent.

Order for publication of summons recites the filing of the affidavit of publication; the clerk's file marks made later does not dispute the record, nor will the law permit it to, as the recital imports verity and is conclusive.   Northwestern Mutual Life Ins. Co. v. Neeves, 49 N. W. 832; Connolly v. Rue, 35 N. E. 824.

The filing of the affidavit of publication is unnecessary before judgment.  Allen v. Richardson, 92 N. W. 1075; Dowell v. Lahn, 97 Ind. 146; Wyatt's Admr. v. Steele, 26 Ala. 639; Searle v. Gilbraith, 73 Ill. 269; 1 Freeman on Judgments, section 127 p. 224; Collins v. Regan, 32 Barb. 647; Belmont v. Cornen, 82 N. Y. 256; Barnard v. Heydrick, 49 Barb. 92; Knapp v. King, 6 Ore. 243; Goodale v. Coffee, 24 Ore. 346; Coughran v. Markley, 87 N. W. 2.

Verified complaint constitutes part of the affidavit of publication. 17 Enc. Pl. & Pr. 76.

The affidavit was sufficient.  Belmont v. Cormen, 82 N. Y. 256.

FISK, District Judge.   This appeal calls in question the correctness of an order made by the district court of Ramsey county on September 24, 1903, denying defendant's motion to vacate a default judgment of divorce granted to plaintiff on January 31, 1894. The record discloses that the only service of the summons relied upon by plaintiff was what is known as "constructive service," or service by publication.   The motion to vacate was based upon a petition signed by defendant's attorneys, and also upon the affidavit of defendant and others annexed to said petition, from which it appears that the plaintiff and defendant were married in 1880 in the state of Wisconsin, where they lived together as husband and wife for about four years, after which they removed to Ramsey county, this state, where they lived together for about six years, or until October, 1889, at which time the defendant left the plaintiff for alleged cause, and went to the state of Wisconsin, where she

has ever since resided; that on June 3, 1893, a summons was issued in said action, and a verified complaint was filed in the office of the clerk. On said date the sheriff of said county filed his return, stating that "on the 3d day of June, 1893, the annexed summons and complaint were placed in my hands for service, and thereupon I made diligent search within the body of the county of Ramsey for Rhoda Simensen, defendant, and, after due diligence, I was unable to find defendant, so as to make personal service, for the reason that said defendant does not reside within said county, nor within the state of North Dakota, as I am informed by John O. Siverson, Ever Wagness, and A. J. Stade, former neighbors and acquaintances of defendan t. I am further informed by them that she removed from the state during the year 1890, and now resides at Whitehall, Trempealeau county, state of Wisconsin, as I verily believe." The next step taken was on the 26th day of October following, at which date an affidavit was made by one of plaintiff's attorneys as follows (omitting title) : "Joseph Denoyer, being first by me duly sworn, deposes and says that he is one of the attorneys for the plaintiff in the above-entitled action, and that plaintiff has a just cause for action against the defendant herein, as will appear by the complaint of the plaintiff, a copy of which is hereto annexed; that said action is for divorce from defendant by plaintiff, and that said defendant cannot, after due diligence, be found in the state of North Dakota; that a summons was duly issued against said defendant, and placed in the hands of the sheriff of said county for service, but was returned by said sheriff with his endorsement thereon that said defendant does not reside within said county of Ramsey, nor within the state of North Dakota, as he was informed by John O. Siverson, Ever Wagness, and A. J. Stade, former neighbors and acquaintances of defendant; that he was further informed by them that she removed from said state during the year 1890, and now resides at Whitehall, Trempealeau county, state of Wisconsin, as he verily believes; that said summons and return are hereto attached, and that the place of residence of said defendant is, as affiant is informed, at West Superior, Wisconsin, she having removed from Whitehall, Wisconsin, to Superior; that he was so informed by letter from one W. L. Frederickson, sheriff of Trempealeau county, Wisconsin." Upon the back of said affidavit appears an order dated October 26, 1893, in the usual form, directing service

of the summons by publication in a newspaper; said order also directing a copy of the summons and complaint to be forthwith deposited in the post office, postage prepaid, and directed to the defendant, at West Superior, Wis. This affidavit and order were not filed with the clerk until February 1, 1894. On January 31, 1894, an order for judgment in due form was made, and it appears that an affidavit of mailing summons and complaint pursuant to the order for publication of summons, together with the publisher's affidavit showing such publication, and also an affidavit of defendant's default, were filed on February 1st. It also appears that the only service of the summons was by publication, and that defendant had no knowledge of the pendency of the action until a short time before her application was made to vacate said default judgment. It is alleged in the petition of defendant that neither party has remarried since the rendition of the judgment aforesaid, and the defendant prays the court to declare the said judgment void, and, further, that she be given a reasonable time in which to file her answer, and that she have certain other relief by way of alimony. The ground alleged by defendant in support of her motion to vacate said judgment is that the court acquired no jurisdiction to render such judgment, for the reason that no service of the summons was made upon her; the attempted service by publication being void by reason of a noncompliance with the provisions of the Code relative to constructive service. It is contended by appellant that the affidavit upon which the order for publication of the summons was based is fatally defective, and further that because such affidavit, as well as the order aforesaid, were not filed until after such judgment was rendered, the same is void.

We are unable to agree with the district court in its ruling upon said motion. The affidavit presented as a foundation for the order permitting constructive service of the summons was defective, and the proceedings based thereon were insufficient, in our opinion, to confer jurisdiction. The affidavit failed to show, as the law required at that time, any diligence to effect personal service within the state. It has repeatedly been held, not only in this jurisdiction, but elsewhere, that the affidavit must show such facts as will enable the court to judicially determine that personal service upon the defendant cannot be made within the state; and the law in force at the time said affidavit was presented, and said order made, expressly

so required. The statute was mandatory, and a failure to comply strictly therewith operated to confer no jurisdiction over the person of the defendant. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Bothel v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; Carleton v. Carleton, 85 N. Y. 313; McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481; Kennedy v. New York Life Ins. Co., 32 Hun. 35; Greenbaum v. Dwyer, 66 How. Prac. 266. The affidavit simply sets forth, in the language of the Code, "that the said defendant cannot, after due diligence, be found in the state of North Dakota;" and it also states that the place of residence of said defendant is, as affiant is informed, at West Superior, Wis., such information being received by letter from one W. L. Frederickson, sheriff of Trempealeau county, Wis. There is nothing to show when this information was imparted to the person who made said affidavit. But under the foregoing authorities, which we think are sound, said affidavit would be defective even if it appeared that such information was imparted to affiant within a reasonable time preceding the making of said affidavit. In Carleton v. Carleton, supra, the affidavit upon which the order was granted stated that "the defendant has not resided within the state of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San Francisco, California." Such affidavit was held fatally defective. We quote from the opinion as follows: "The appeal presented involves the question whether an affidavit showing nonresidence, without proof where the defendant actually was at the time, makes out a case within the provision of section 135, herein cited. The affidavit states that the defendant has not resided in the state for some time, and, on information and belief, where he does reside. There is no statement, however, that due diligence has been used, or that any effort whatever has been made to find him, and that he cannot be found within the state. It is a simple allegation of nonresidence, from which fact the court were asked to infer that due diligence had been used. The Code evidently meant to require proof that the defendant could not be found after due diligence. The proof furnished does not establish such diligence, for it might well be that the defendant might be found within the state if a diligent effort had been made to seek him out. It is a well-known fact that many persons who are residents of one state have places

of business, and transact such business, in a state different from that in which their residence is located. They are frequently in the latter state, and pass most of their time there. Such persons could be readily found in the state where they do business if due diligence was used for such purpose, and nonresidence, of itself, does not necessarily show that they cannot be found within the state, or raise a presumption that due diligence has been used, or that it was not required. It is not nonresidence alone which constitutes the ground for making the order, and it therefore cannot be urged that proof of this fact furnishes sufficient reason for a conclusion of the judicial mind that due diligence had been employed to find the defendant within the state." The affidavit in the case at bar differs from the one in the New York case only in the fact that in the case at bar the affidavit states that the summons was placed in the hands of the sheriff of Ramsey county, and returned by him, with his statement to the effect that the defendant does not reside within said county of Ramsey, nor within the state of North Dakota, as he was informed by certain persons therein mentioned, who were former neighbors and acquaintances of defendant, and that he was informed by said persons that defendant removed from said state during the year 1890, and resides at Whitehall, Trempealeau county, Wisconsin; as he verily believes. The affidavit does not even show that the sheriff returned that he was unable to make personal service within the state, or that he had used any diligence to find the defendant; but, conceding that such return was made a part of the affidavit and showed such facts, yet the record shows that this return was made by the sheriff on the 3d day of June, 1893, while the order for publication was not made until October 26th following, and we think it well settled that such showing of diligence is wholly insufficient. Proof that personal service could not be made upon the defendant within the state on June 3d was no proof that it could not be made in October following. The showing required to obtain an order for publication should be made within reasonable time prior to the granting of the order. 17 Enc. Pl. & Pr. p. 58, and cases cited. We conclude; therefore, that the order for publication was made without any showing of diligence to effect personal service within the state. This being true, it necessarily follows that the judgment is void, and it was error to deny defendant's motion to vacate the same. The defendant never

was summoned to appear and answer plaintiff's complaint, and hence never had her day in court. This she had an absolute right to, and no lapse of time would bar such right. We deem the citation of authorities unnecessary upon a proposition so well settled. The fact that defendant has by this motion made a general appearance in the action, which she did by asking to be permitted to answer and proceed to trial on the merits, will not avail respondent. Such general appearance did not relate back, so as to validate the void proceedings. Its only effect was to confer jurisdiction over the person of defendant from its date.

The motion to vacate was resisted by respondent apparently upon the erroneous theory that the merits of the controversy should control the court in the disposition of said motion. The plaintiff presented a long affidavit made by himself, and also affidavits by others, but these affidavits tended only to show that defendant did not have a meritorious defense. Conceding the truth of all the facts set forth therein, it is clear that defendant should prevail on said motion. The defendant, not having been served with summons, was not in default, and she had an undoubted right to join issue upon the allegations of the complaint, and to have such issues tried in the usual manner, and not by affidavits. This was refused her by the order complained of.

The foregoing renders it unnecessary for us to consider the other questions raised by appellant, but, upon the question as to the necessity for filing the affidavit and order for publication before the publication is made, see 17 Enc. Pl. & Pr. p. 56, and numerous authorities cited.

The order appealed from is reversed, and the district court is directed to permit the defendant to answer within thirty days from the date of the filing of the remittitur herein in the court below. All concur.

MORGAN, J., being disqualified, took no part in the foregoing decision; Judge FISK, of the First Judicial District, sitting in his place by request.