STEEL *et al. v.* RAPHAEL *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. APPEALABLE ORDER—AFFIDAVIT ON ATTACHMENT—SUFFICIENCY.
    The provision of Code Civil Proc. N. Y. § 636, that to entitle a plaintiff to a warrant of attachment "he must show by affidavit, to the satisfaction of the judge," the requisite jurisdictional facts, does not make the determination of the sufficiency of the allegations of those facts a matter of discretion, so that it is not reviewable on appeal.

2. ATTACHMENT—AFFIDAVIT.
    An affidavit to obtain a warrant of attachment, on the ground that defendant is not a resident of the state, which is positive as to such non-residence, is sufficient in that respect, although defendant's place of residence outside the state is stated on information and belief, and the sources of information and grounds of belief are not given.

3. SAME—DISSOLUTION.
    A motion to vacate an attachment, in an action for the price of goods sold on credit, cannot be granted on the ground that the term of credit has not expired, where that fact is not shown affirmatively. No presumption can be indulged that the credit has not expired.

Appeal from special term, New York county.

Action by Edward T. Steel, Henry M. Steel, and William G. Steel against Philip Raphael and Joseph Lewenberg. Defendants appeal from an order denying a motion to vacate a warrant of attachment in the action, made by them on the ground of the insufficiency of the papers on which the attachment was granted.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. A. Emanuel,* (*Franklin Bien,* of counsel,) for appellants. *Stern & Kingsbury,* for respondents.

VAN BRUNT, P. J.   We would not have considered the appeal herein worthy of much consideration had not the respondents thought it necessary to urge in support of the order appealed from that, because the Code provides that the plaintiff "must show by affidavit, to the satisfaction of the judge," that the jurisdictional fact exists, and thus the sufficiency of the allegations being left to the discretion of the judge, and the determination of the sufficiency of such allegations resting in discretion, such sufficiency is not a matter properly reviewable upon appeal.   It would seem that the respondents' counsel must have had some doubt himself as to the sufficiency of his papers, or he would not have thought it necessary to raise an objection to the consideration of the merits of this appeal, which has been overruled at every general term which has been held for years past.   As to the allegations in respect to non-residence, the affidavit is sufficient.   The allegation is positive as to the non-residence of the defendants.   It is true that their place of residence outside of the state of New York is stated on information and belief, and the sources of information and grounds of belief are not given, and, if the jurisdiction of the court depended upon the establishment of that fact, the affidavit is undoubtedly defective; but it does not matter where they reside outside of the state, the court has jurisdiction.

In respect to the point that the terms of credit do not appear to have expired, and the proofs of fraud are insufficient to support an action commenced before the credit had expired, it may be sufficient to say that there is nothing in these papers showing or tending to show that the terms of credit have not expired.   We do not know that there is any presumption to be indulged in that such credit has not expired.   If it has not, such fact would be a defense to the action, and the defendants may easily avail themselves of it.   The order appealed from should be affirmed, with $10 costs and disbursements.   All concur.