JACOB L. EVERITT, Appellant, *v.* WALTER W. PARK, Respondent.

*Attachment — affidavits liberally construed — statement as to defendant's non-residence — practice on reviewing an order vacating an attachment.*

Upon a motion to vacate an attachment, made upon the same papers upon which the attachment was granted, the affidavits should be liberally construed, and all fair inferences to be drawn from them should be conceded as true for the purposes of the motion.

An affidavit, to procure an attachment in an action, made by the plaintiff, first stated positively that the defendant was not a resident of the State of New York, and that he resided in Forest City in the State of Pennsylvania; it then alleged that the deponent stated the residence of the defendant upon information which he had received from his own attorney, and which the deponent believed, to the effect that the attorney had seen on file in the Chemung county clerk's office a chattel mortgage in which the defendant was named a mortgagee, and in which his residence was stated to be at Forest City, Pa. The attorney made a similar affidavit in confirmation of such statement, and a copy of the chattel mortgage was annexed to the papers.

The attachment was granted by a county judge, who subsequently vacated it without notice to the plaintiff. The plaintiff made an application at Special

Term to vacate the latter order, which was denied upon the ground that the papers did not show that the defendant was a non-resident.

*Held,* that the papers made out a *prima facie* case of non-residence;

That the practice of the plaintiff in reviewing the order was correct, and that the appellate court had power to review the direction or decision of the county judge in vacating his own order without notice to the plaintiff.

APPEAL by the plaintiff, Jacob L. Everitt, from so much of an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Chemung on the 12th day of March, 1894, as denied a motion to vacate an order of the county judge of Chemung county which vacated a warrant of attachment granted by him, the denial in the Supreme Court being put upon the ground, as stated in its order, that the papers on which the attachment was granted did not show that the defendant was a non-resident of the State of New York.

On the 14th of February, 1894, the county judge of Chemung county, upon the application of the plaintiff, granted an attachment against the property of the defendant on the ground that he was a non-resident. On the 2d of March, 1894, the county judge, on the application of the defendant, without notice to plaintiff, vacated the attachment on the grounds, as stated in the order, that the papers on which the attachment was granted did not show that the defendant was a non-resident, and that the plaintiff could not, under section 1913 of the Code, maintain an action on the judgment set out in the complaint. The plaintiff thereupon, on notice to the defendant, moved at Special Term to vacate the order of the county judge, and on such motion the order appealed from was made.

*Youmans & Moss,* for the appellant.

*Baxter & Gibson,* for the respondent.

MERWIN, J. :

It is not claimed by the defendant that the ground secondly stated in the order of the county judge is available. The only question then is as to the sufficiency of the affidavits on which the attachment was granted on the subject of the non-residence of the defendant. It was stated in the affidavit of the plaintiff as follows: " Deponent further says that the defendant, Walter W. Park, is not a resident

of the State of New York; and that he resides at Forest City, in the State of Pennsylvania. Deponent states the residence of said defendant, upon information received by deponent, from the following sources : Deponent saw said Walter W. Park in Elmira, New York, about a week ago, and deponent is informed by Roswell R. Moss, one of his attorneys in this action, that he, said Moss, has seen on file in the Chemung County Clerk's office a chattel mortgage, recently given by Marrianna Park to said Walter W. Park, dated February 12, 1894, wherein the residence of said Walter W. Park is stated as Forest City, Pa., and which said mortgage bears upon it the assignment thereof to Lewis M. Smith, dated February 12, 1894. Upon which information, and which deponent believes, he believes said Walter W. Park to reside at Forest City, Pa." This affidavit is followed by the affidavit of Mr. Moss, who says : "That the information stated in the annexed affidavit of the plaintiff as having been given to him by the deponent; the deponent did give to said plaintiff, and stated the same to plaintiff truthfully. The deponent has seen on file in the office of the Chemung County Clerk such a chattel mortgage, which bears upon it such an indorsement as stated in the said affidavit of the plaintiff, a true copy of which said chattel mortgage with said indorsement and assignment thereon is hereto attached." The mortgage is dated February 12, 1894, and its execution is acknowledged by the mortgagor the same day before a notary public in the city of Elmira. The mortgagee is " Walter Park of Forest City, Penn'a," and the mortgage is given to secure the payment of a note of $300 payable at an Elmira bank. The assignment is dated the same day as the mortgage and is from Walter Park to Lewis M. Smith, and is witnessed by the notary public. It contains a guaranty of the payment of the mortgage.

The case of *Steele* v. *Raphael* (37 N. Y. St. Repr. 623) is quite in point There an order denying a motion to vacate an attachment was affirmed by the General Term of the first department, and in the opinion it is said : " As to the allegations in respect to non-residence the affidavit is sufficient. The allegation is positive as to the non-residence of the defendants. It is true that their place of residence outside of the State of New York is stated on information and belief, and the sources of information and grounds of belief are not given, and if the jurisdiction of the court depended upon the estab-

lishment of that fact the affidavit is undoubtedly defective ; but it does not matter where they reside outside of the State, the court has jurisdiction." The case of *Andrews* v. *Borland* (10 N. Y. St. Repr. 396), decided by the General Term of the second department, is to the same effect.

It does not seem to be claimed by the respondent that an absolute statement of non-residence would not be sufficient, but the argument is that, taking the whole affidavit together, it was not the intention to state the non-residence absolutely, but only on information and belief, in the same way as the place of residence is stated. This argument would seemingly have as well applied to the two cases above cited as to this. Those cases are authority against it.

The affidavit on which an attachment is granted should present a *prima facie* case. (*Lee* v. *La Compagnie Universelle, etc.*, 2 N. Y. St. Repr. 612.) On a motion to vacate on the same papers, the averments of fact contained in the affidavits and the fair inferences to be drawn therefrom are to be deemed to be conceded as true for the purposes of the motion. (*Phillips* v. *Wortendyke*, 31 Hun, 192.) In *Steuben County Bank* v. *Alberger* (78 N. Y. 252, 258) it is said that if any fact is shown which tends to show the existence of the statutory conditions the judge would acquire jurisdiction and the attachment should be sustained. In *Leiser* v. *Rosman* (32 N. Y. St. Repr. 739, 741) it is said : " No reason is perceived why uncontradicted affidavits upon which an attachment is granted should not be construed with reasonable liberality."

In the present case we are of the opinion that the affidavits presented a *prima facie* case of non-residence.

But it is suggested that the county judge, on the application of the defendant to vacate the attachment, said in substance that the essential fact was not shown to his satisfaction, and that his conclusion cannot be reviewed any more than it could had he in the first instance refused the attachment on that ground. Whatever discretion the county judge had in the matter, he exercised in favor of the plaintiff when he granted the attachment. The plaintiff acted upon this, went on and had a levy made. It would not be right to say that this discretion could, on the application of defendant and without notice to plaintiff, be recalled without giving the plaintiff a remedy. The defendant moved, as he had a right to do under sec-

tion 683 of the Code, to have the attachment vacated. Whether it was properly vacated should be determined according to the rules ordinarily applicable on motions to vacate attachments. The proper practice was followed by the plaintiff in order to have a review of the order. (*People ex rel. Schlehr* v. *Common Council*, 30 Hun, 636.)

The foregoing considerations lead to a reversal of the order of the Special Term, and the granting of the motion to vacate the order of the county judge of date March 2, 1894.

HARDIN, P. J., and MARTIN, J., concurred.

Order of Special Term so far as appealed from reversed, with ten dollars costs and disbursements, and motion to vacate the order of the county judge filed March 2, 1894, granted, with ten dollars costs.