We have not considered the question as to whether the plaintiff during the lifetime of her husband is entitled to maintain this action, or the other questions arising herein.

For the reasons stated, the complaint does not state facts sufficient to constitute a cause of action, and the order should be reversed, with $10 costs and disbursements, and the motion to dismiss the plaintiff's complaint granted.   All concur.

<hr>

(98 App. Div. 139)

EMPIRE CITY SAV. BANK v. SILLECK et al.

(Supreme Court, Appellate Division, First Department.   November 18, 1904.)

1. PROCESS—SERVICE BY PUBLICATION—NONRESIDENCE—PROOF—STATUTE.

Under Code Civ. Proc. § 439, providing that, where an order of publication is applied for on the ground of nonresidence, proof by affidavit must be exhibited to the court that the plaintiff has been or will be unable with due diligence to make personal service of the summons, a certificate of the sheriff that he has used due diligence to find defendant, so as to serve him with summons and complaint, and, from the best information that he can obtain, he learns that the defendant is a nonresident, and therefore returns him as not found, is no proof of nonresidence, in the absence of the certificate's being made part of, or referred to in, the affidavits furnished for the purpose of complying with the statute.

2. SAME—AFFIDAVITS—SUFFICIENCY—FORECLOSURE—JURISDICTION.

Where a decree of sale on foreclosure attempted to cut off the rights of the second mortgagee, who was not served with process, and affidavits were exhibited to the court for the purpose of showing that the plaintiff had been or would be unable with due diligence to make personal service of summons on such defendant, as required by Code Civ. Proc. § 439, to make a valid service by publication against a nonresident, but the affidavits contained no allegation on information and belief of the defendant's nonresidence, they were insufficient to give the court jurisdiction of the second mortgagee; and hence a purchaser of the property at the sale was entitled to be relieved from his bid on the ground that the second mortgage was not cut off by the judgment.

O'Brien and Hatch, JJ., dissenting.

Appeal from Special Term, New York County.

Suit by the Empire City Savings Bank against Henry G. Silleck, Jr., and others, to foreclose a mortgage.   From an order denying a motion for relief from a bid at the foreclosure sale, the purchaser, Moise Geisman, appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Isaac Moss, for appellant.
Joseph E. Bullen, for respondent.

LAUGHLIN, J.   The ground upon which the purchaser asks to be relieved from his bid is that a second mortgage upon the premises is not cut off by the judgment, owing to the fact that service upon the owner and holder thereof was made by publication, and that the affidavits upon which the order of publication was granted were insuffi-

¶ 1. See Process, vol. 40, Cent. Dig. § 118.

90 N.Y.S.—36

cient to give the court jurisdiction. The order was applied for and made upon the theory that George Watson, the owner and holder of the second mortgage, resided at Hamilton, Ontario, and that plaintiff had been or would be unable, in the exercise of due diligence, to make personal service of the summons upon him. Section 439 of the Code of Civil Procedure provides that, where an order of publication is applied for on the ground of nonresidence, proof by affidavit must be exhibited to the court "that the plaintiff has been or will be unable with due diligence to make personal service of the summons." There was no proof by affidavit that the summons was ever issued to the sheriff, or delivered to any one with directions to serve the same upon Watson. There appears in the record, and it is referred to in the order, a certificate of the sheriff that he has used due diligence to find Watson, so as to serve him with the summons and complaint, "and, from the best information that I can obtain, I learn that he is a resident of, and now is in, Hamilton, Ontario, wherefore I return him as not found." But this certificate was not made a part of either of the affidavits upon which the order was procured, or referred to therein, and consequently it cannot be considered as any proof. Waffle v. Goble, 53 Barb. 517; Easterbrook v. Easterbrook, 64 Barb. 421; Doheny v. Worden, 75 App. Div. 47–52, 77 N. Y. Supp. 959. Nor does either affidavit contain an allegation on information and belief of Watson's nonresidence, or an averment, based upon this certificate or any other information or proof, that the affiant believes that Watson is a nonresident of the state, or that the plaintiff has been or will be unable, in the exercise of due diligence, to serve the summons personally. One of the affidavits merely shows that no previous application has been made for an order of publication. The other shows that the affiant has "been employed by the attorney for the plaintiff herein in connection with this action"; that the defendant Higgins informed him that he had known Watson for a number of years, and that Watson had lived in Canada all his life; that the defendant Silleck, Jr., who executed the mortgage to Watson, informed him that Watson resided in Hamilton, Ontario, Canada, and had lived there for about 12 years, and that Watson occasionally came to New York and had business with him, and that Silleck promised to write Watson, and notify affiant when he would be in New York, so that affiant might serve the summons upon him; that nearly four weeks later affiant called at Silleck's place of business, and that a person in charge of the place stated that Silleck was not in, but had received a letter from Watson, which was exhibited to affiant, was dated Hamilton, Ontario, Canada, and stated that Watson had no occasion to come to New York "at present, and did not know when he would come"; that affiant left a proposed affidavit of these facts, with a request that Silleck verify the same, and a little over a month later called again, and saw Silleck, who refused to verify the affidavit unless the action were changed so as to make the defendant Higgins, who executed the bond and mortgage sought to be foreclosed, "principal defendant"; that the attorney at whose request the Watson mortgage was recorded informed affiant that he knew Watson, and that Watson resided in Hamilton, Ontario, but that he had not transacted any business with him in a number of years, and could not appear for him unless the defend-

ant Silleck, whose "matter" it was, would authorize such appearance, and a few days later informed affiant that he could not obtain authority from Silleck to appear for Watson. The order was not applied for until about six weeks after the last inquiry made concerning Watson's residence or whereabouts. These are the material facts stated in the affidavit.

It would probably be sufficient to show that Watson was a nonresident and resided in Hamilton, Ontario, if that fact were averred by the affiant upon information and belief based upon the information set forth; but, in the absence of such an averment, the mere declarations of third parties have no probative force. For aught that appears, the affiant may have known or had reason to believe from other information obtained that Watson did not reside in Hamilton, Ontario, and may have known or had reason to believe that Watson was within the state, or was coming to the state, or entered the state before the order was obtained, many weeks later, so that personal service could have been made upon him. If the affidavit alleged the principal facts upon information and belief derived from the sources and based upon the grounds stated, and had shown that the summons had been issued to the sheriff, and returned unserved by him, the proof of the nonresidence and the inability to make personal service in the exercise of due diligence would sufficiently appear. Howe Machine Co. v. Pettibone, 74 N. Y. 68; Belmont v. Cornen et al., 82 N. Y. 256. Where the order is sought on the ground of nonresidence, there must be some competent evidence of nonresidence, and that plaintiff has been or will be unable, in the exercise of due diligence, to make personal service. McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481. But these things are not shown, and the papers are fatally defective. We are of opinion that the court did not obtain jurisdiction to make the order, and therefore the purchaser should not be compelled to take the title.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, to the extent of relieving the purchaser from completing his bid, and directing the return of the amount paid by him, together with any interest earned thereon, with $10 costs.

VAN BRUNT, P. J., and PATTERSON, J., concur. O'BRIEN and HATCH, JJ., dissent.