PETER J. KENNEDY, Respondent, *v.* MARGARET LAMB et al.,
Defendants.

DAVID P. GOLDSTEIN et al., Appellants.

PROCESS — SERVICE OF SUMMONS BY PUBLICATION — CODE OF CIV.
PRO. §§ 438, 439.  Affidavits alleging that certain defendants resided in
the state of New Jersey; that "the plaintiff will be unable with due
diligence to make personal service of the summons within the state,"
which disclose no effort to find such defendants or to serve them with a
summons in this state and state no reason why such effort if made would
be useless, are insufficient to confer jurisdiction, and an order for the
publication of the summons based thereon, is void.

*Kennedy* v. *Lamb*, 102 App. Div. 429, reversed.

(Argued June 1, 1905; decided June 13, 1905.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, made
March 3, 1905, which affirmed an order of Special Term
granting a motion to compel the appellants herein to complete
their purchase of certain real property made at a sale in par-
tition in the above-entitled action.

The facts, so far as material, are stated in the opinion.

*Frank Walling* and *Siegmund Rosenthal* for appellants.
The order of publication under which jurisdiction is claimed
to have been obtained of certain of the defendants was made
upon insufficient proof.  (Code Civ. Pro. § 438; *Kendall* v.
*Washburn*, 14 How. Pr. 180; *Salisbury* v. *McGibbon*, 58
App. Div. 524; *Carleton* v. *Carleton*, 85 N. Y. 313;
*McCracken* v. *Flanagan*, 127 N. Y. 493; *Orr* v. *Currie*, 14
Misc. Rep. 74; *Crouter* v. *Crouter*, 133 N. Y. 55; *Feter* v.
*Volmer*, 28 N. Y. S. R. 317; *Hyatt* v. *Swivel*, 20 J. & S. 1;
*Kennedy* v. *N. Y. L. Ins. Co.*, 101 N. Y. 487.)  The court
will not compel a purchaser of real estate at a judicial sale to
complete his purchase unless the title furnished him is one
free from reasonable doubt so that he can get a marketable
title.  (*Fleming* v. *Burnham*, 100 N. Y. 1; *Jordan* v.

*Poillon*, 77 N. Y. 518; *Matter of Cavanagh*, 14 Abb. Pr. 258; *Crouter* v. *Crouter*, 133 N. Y. 55.)

*Addison S. Sanborn* for respondent.   The affidavit of the plaintiff, together with the affidavit of plaintiff's attorney, showing that the defendants served by the order of publication were non-residents, and the averment in the affidavit of plaintiff's attorney, that the plaintiff would be unable to make personal service on said defendants within the state of New York, is sufficient, with the other facts set forth to confer jurisdiction to make the order. (*Kennedy* v. *N. Y. L. Ins. Co.*, 101 N. Y. 487; *Jerome* v. *Flagg*, 48 Hun, 351; *Salisbury* v. *McGibbon*, 58 App. Div. 524; *McCracken* v. *Flanagan*, 127 N. Y. 403.)

VANN, J.   The purchasers at the sale in this action, which was brought to partition lands in the borough of Brooklyn, refused to complete their purchase upon the ground that the title was defective.   By an order, made at Special Term and affirmed by the Appellate Division, they were directed to comply with the terms of sale and they now appeal to this court for relief from what they consider an unlawful command.   They claim that the court which rendered the judgment in partition did not acquire jurisdiction of several persons, each a necessary party defendant, because they were not personally served with process and the effort to serve them by publication was void, owing to a vital defect in the affidavits upon which the order to publish was made.

From the affidavits presented to the justice who granted the order of publication, one made by the plaintiff and the other by his attorney, it appeared that six of the defendants resided in the state of New Jersey, four at Jersey City and two at Plainfield.   The only attempt to show compliance with the command of the statute in reference to " due diligence to make personal service of the summons " was an allegation in the affidavit of the attorney that " the plaintiff will be unable with due diligence to make personal service of the summons

within the State as appears by the affidavit of Peter J. Kennedy hereto annexed." The affidavit thus referred to contains nothing whatever upon the subject of diligence, discloses no effort to serve the summons in this state, and gives no reason for not making the effort, aside from the bare fact of nonresidence. It does not appear that the summons had been issued or that it was placed in the hands of any one for service upon the defendants named, and for aught that appears they could have been served in this state without difficulty. They were nephews and nieces of the plaintiff and had visited and corresponded with him "for several years past," as he stated in his affidavit. He did not state how recently they had visited him, when he last heard from them, nor where he himself resided. Four of them lived just across the state line and two of them but a short distance therefrom. All may have been engaged in business in the state of New York and in daily attendance there for that purpose, as is the case with so many residents of the state of New Jersey. The affidavit did not state that they were not in New York or that they were actually in New Jersey when the affiant swore to it.

An order may be made for service by publication upon a defendant who is a non-resident of the state, provided "the plaintiff has been or will be unable with due diligence to make personal service" within the state. (Code Civ. Pro. §§ 438, 439.) The bare fact of non-residence is not enough to authorize the order, for the plaintiff must also show due diligence to make personal service, or state facts tending to show why personal service cannot be made. The statute now in force differs from the one which formerly governed the subject when some of the cases cited were decided, in that the latter authorized service by publication when the person to be served could not "after due diligence be found within the State." (Code of Pro. § 135.) The old statute was satisfied with due diligence to find the defendant, while the present statute requires either due effort to serve, or sufficient reasons for not making the effort.

In the case now before us there was no attempt to make

personal service and no reason was given for not trying to serve personally, except the fact of non-residence. Even if residence in a distant state or in a foreign country permits the inference that the person to be served cannot be found in this state, residence in an adjoining state, just across the line, with no evidence that the non-resident is not in business in this state, or that he does not sojourn here, and no explanation whatever for not trying to serve him here, is not sufficient. As was said by this court in *Carleton* v. *Carleton* (85 N. Y. 313, 315): "It is a well-known fact that many persons who are residents of one state have places of business and transact such business in a state different from that in which their residence is located. They are frequently in the latter state, and pass most of their time there. Such persons could be readily found in the state where they do business if due diligence was used for that purpose and non residence, of itself, does not necessarily show that they cannot be found within the state, or raise a presumption that due diligence has been used, or that it was not required."

In a later case it was said : " Where the proof of nonresidence is clear and conclusive, and that the defendant is living out of the state and in a distant state, there may be strong reasons for holding that proof of diligence is not required ;" and as it appeared that the defendant resided in Maryland, and that the summons, which had been duly issued and some effort made to serve it, could not be served owing to that fact, the affidavit was held sufficient. (*Kennedy* v. *N. Y. Life Ins. & Trust Co.*, 101 N. Y. 487.)

In *McCracken* v. *Flanagan* (127 N. Y. 493) it appeared that a summons had been issued against the defendant and " that defendant is a non-resident of this state, nor can be found therein, but has a place of residence at Matewan, in the state of New Jersey." After a careful review of the leading cases it was held that the affidavit, which was made when section 135 of the Code of Procedure was in force, was insufficient to give jurisdiction. The court said : " Some degree of diligence must be exercised to find the party, and

what is a due degree depends upon circumstances surrounding each case, and the simple averments in the affidavit that the defendant is a non-resident and cannot be found within the state are not alone sufficient to support an order for the service of a summons by publication. Those facts do not imply that any diligence has been exercised to find and serve the defendant personally with process. It needs no argument to show that the averment in the affidavit that the defendant cannot be found in the state does not tend to prove the exercise of due diligence to find the defendant, for the statute in question not only requires that it be stated in the affidavit that the defendant cannot be found, but expressly requires the averment that he cannot be found after due diligence."

In *Belmont* v. *Cornen* (82 N. Y. 256) the order was sustained upon proof of non-residence, followed by an averment that the summons had been issued to the sheriff of the county where the premises, covered by the mortgage sought to be foreclosed, were situated ; that the sheriff " had used due diligence to find the defendants and after such due diligence and inquiry they could not be found within said county or state."

In *Crouter* v. *Crouter* (133 N. Y. 55) an affidavit was held sufficient which stated the non-residence of the defendants ; that they had no place of business in this state ; that plaintiff believed that a summons could not, with due diligence, be served personally within the state and that he had present knowledge of defendants' movements and was satisfied that they frequent no place in the state.

In *Fetes* v. *Volmer* (28 N. Y. St. Rep. 317) the court said : " Though a non-resident, the defendant may be at the time temporarily in the state to the knowledge of the plaintiff, and within easy reach of personal service of the summons. No such proof was made by the plaintiff in this case. The affidavit of his attorney, upon which the order was procured, states only that the action has been commenced, that a summons has been issued, and that the two defendants named

are non-residents of the state and that they reside at Marion, Washington County, Iowa. The affidavit was, in this respect, plainly insufficient and the county judge was without jurisdiction to grant the order."

While any evidence having a legal tendency to show compliance with the statute, even if inconclusive, would warrant the exercise of judgment and thus confer jurisdiction to make the order, in this case there was no evidence as to the use of diligence, or to excuse the omission of effort to serve in this state. Even if a judge reached a wrong conclusion upon the facts presented, so that his order would be set aside on direct attack by motion to vacate, still if he had some legal evidence to act upon, the order would be protected from collateral attack after the entry of judgment. There was no evidence presented to the justice who made the order now before us which authorized him to act judicially or to decide that the plaintiff would be unable with due diligence to make personal service in this state. An affiant who simply repeats the words of a statute merely states his opinion upon the proposition to be proved. Proof requires that facts be stated from which the conclusion sought may be logically drawn. We find no case in this court and no well-considered case in any court which sustains an order founded simply on proof of nonresidence in an adjoining state with no effort made to find or serve, and no reason given why such effort if made would be useless.

The purchasers were entitled to a marketable title, free from reasonable doubt and they were justified in refusing to complete their purchase because the affidavits upon which the order of publication was based were insufficient to confer jurisdiction.

The order of the Appellate Division as well as that of the Special Term should be reversed and the motion denied, with costs in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Order reversed, etc.