(108 App. Div. 48.)

## BANK OF PORT JEFFERSON v. DARLING.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—APPOINTMENT—VALID-
ITY.

> An order appointing a receiver in supplementary proceedings, which
> recites that, "it appearing that * * * judgment debtor is a resident
> of * * * Massachusetts, notice for the application of this order is
> dispensed with," does not show that the judge was satisfied that the
> judgment debtor could not with reasonable diligence have been served in
> New York, and is insufficient, within Code Civ. Proc. § 2464, requiring
> two days' notice of the application for a receiver to the judgment debtor,
> unless the judge is satisfied that he cannot be found in the state.

Appeal from Special Term, Suffolk County.

Action by the Bank of Port Jefferson against Mary A. Darling.
From an order appointing a receiver in proceedings supplementary
to execution, defendant appeals. Reversed.

See 92 N. Y. Supp. 483.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

Thomas J. Ritch, Jr., for appellant.
Ralph J. Hawkins, for respondent.

MILLER, J. Section 2464 of the Code of Civil Procedure, rela-
tive to the appointment of a receiver of the property of a judgment
debtor in proceedings supplementary to execution, provides:

> "At least two days' notice of the application for the order appointing a re-
> ceiver, must be given personally to the judgment debtor, unless the judge is
> satisfied that he cannot, with reasonable diligence, be found within the state;
> in which case, the order must recite that fact, and may dispense with notice,
> or may direct notice to be given in any manner which the judge thinks
> proper." ·

It is insisted upon this appeal that there was no proof upon which the
judge could be satisfied that the judgment debtor could not with rea-
sonable diligence be found within the state, and that the order contains
no recital of that fact. The recital in the order is as follows:

> "And it also appearing that said judgment debtor is a resident of the state
> of Massachusetts, and that she is at this time within the said state of Mass-
> achusetts, notice for the application of this order is dispensed with pursuant
> to the provisions of the Code of Civil Procedure."

It is unnecessary to consider whether the proof was sufficient to es-
tablish the fact required, because it is clear that the recital in this order
is not a substantial compliance with the requirements of the statute.
It does not necessarily follow, from the mere fact that the judgment
debtor resided in the state of Massachusetts and was then within said
state, that she could not with reasonable diligence be served within the
state of New York. Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834.
It may have been possible to find her within the state of New York
within 24 hours after the making of the order, and there is no statement
contained in this order to indicate that the judge granting it was satis-

fied that the judgment debtor could not with reasonable diligence be found within the state of New York.

For this reason the order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.

---

(108 App. Div. 50.)

### SCHILD v. MONROE ECKSTEIN BREWING CO.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

1. FRAUDS, STATUTE OF—DEBT OF ANOTHER—ORIGINAL PROMISE—NEW CON-
SIDERATION.

> Where a subcontractor told the owner of a building that he would like to have the owner secure his payments, and the owner told him to go ahead and that the owner would pay on an order from the contractor, the owner's promise was an original one, supported by a sufficient consideration, and not within the statute of frauds.

> [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 38.]

2. SAME—EVIDENCE—ADMISSIBILITY.

> In an action by a subcontractor against the owner of a building on a promise by the owner to pay plaintiff, it was error for the court to strike out plaintiff's testimony that he did the work on the faith of defendant's promise.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Louis H. Schild against the Monroe Eckstein Brewing Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Henry W. Rianhard and Thomas Garrett, Jr., for appellant.
William D. Gaillard, for respondent.

MILLER, J. One Penet contracted to erect a building for the defendant, and sublet a portion of the work to the plaintiff, who brings this action to recover upon an alleged original promise of the defendant to pay, in respect to which the plaintiff testified:

"A. I went up in the meantime, before I started to work at all, and I went up to Eckstein's, and I said: 'I am Mr. Schild. I have a contract to work on the building. Mr. Penet wants me to put the roof on the building, and I have no money to lose, and I don't care about being stuck.' And Mr. Eckstein says: 'What is the trouble?' And I said: 'I would like you to secure my payments.' And he said: 'I don't see the difference whether I write out one check, or two checks. Go ahead and do the work.' Q. Was this before the work was started? A. Yes; and he said: 'Go ahead and do the work, and when it is through go ahead and get an order from Penet and come up here and I will pay you.'"

He further testified that upon the completion of the work he obtained an order from Penet and presented it to Mr. Eckstein, who said:

"It is all right. Come around in a week or two. I don't see why you contractors should be paid until your work is cold."

He also testified upon cross-examination as follows:

"Q. You made the contract with Mr. Penet at the rate of eight cents per foot? A. I made no contract at all with Mr. Penet, but I told him it would be worth eight cents per foot."