## EVANS v. WEINSTEIN.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. PROCESS—SERVICE BY PUBLICATION—APPLICATION FOR ORDER—AFFIDAVIT.

Code Civ. Proc. § 439, authorizing an order for service of summons by publication where it appears by affidavit that plaintiff has been or will be unable with due diligence to make personal service, requires that the judge, and not the affiant, shall be satisfied that defendant is a nonresident and that personal service cannot be made.

2. MORTGAGES — FORECLOSURE—PROCESS—SERVICE BY PUBLICATION—APPLICATION FOR ORDER—AFFIDAVIT—OPINION OF AFFIANT.

An affidavit in foreclosure proceedings showed that a rental sign was affixed to the premises bearing the name of a firm as agents; that affiant was told by one member of such firm that he was the owner's agent in the state, and that the owner was without the state and resided in Berlin, Germany; and that affiant knew of no other source from which he could gain information respecting the owner. Held, that the affidavit was sufficient to authorize an order of service by publication, and that direct evidence of defendant's nonresidence and the expression of affiant's belief as to such nonresidence and inability to make personal service within the state was unnecessary.

3. PROCESS—SERVICE BY PUBLICATION—JURISDICTION—COLLATERAL ATTACK.

An order for service by publication cannot be impeached collaterally, if the judge making the order has jurisdiction to make it.

Laughlin, J., dissenting.

Appeal from Special Term.

Action by John F. Evans against Myer J. Weinstein. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold Swain, for appellant.
Seth B. Robinson, for respondent.

SCOTT, J. The defendant appeals from a judgment awarding plaintiff the deposit paid upon a contract for the sale of real estate, with damages. The sole defect in defendant's title, upon which the plaintiff claims the right to rescind, is that Clara F. Nye, a former owner of the premises agreed to be sold, was not served with the summons and complaint in a foreclosure action in 1897, and that the court did not acquire jurisdiction over her in that action. The proof shows that service upon Mrs. Nye was attempted to be made by publication, and the particular point of the objection to the title is that the affidavit upon which the order of publication was granted was insufficient. That affidavit was made by a clerk in the office of the attorneys who acted for plaintiff in the foreclosure action. He swears that a summons was issued and placed in his hands for service, and proceeds as follows:

"Taking with me a copy of the summons and complaint, I went to the office of Ware & Gibbs, at 451 Columbus avenue, New York, and was informed by Mr. Ware personally that he was the agent for the defendant Nye in New York. I then told said Ware that I wished to serve said defendant Nye, and was informed by said Ware in substance that said Nye is not a resident of the state of New York, but resides at 15 Kleist street, Berlin, Germany, and is now without the United States. He told me that his last communication

with her had been by letter to her, addressed to 15 Kleist street, Berlin, Germany, as her post office address. I know of no other place where I could inquire about said Nye, as I have nothing to guide me but the fact that the name of Ware & Gibbs appears on a rental sign appearing on said property."

When analyzed, this affidavit shows: (1) That a rental sign was affixed to the premises in suit bearing the name of Ware & Gibbs as agents; (2) that the affiant made inquiries of Mr. Ware, of that firm, who stated that he was Mrs. Nye's agent in New York; (3) that Mr. Ware further stated that Mrs. Nye was without the United States, and resided in Berlin, Germany; (4) that the affiant knew of no other source from which he could gain any information respecting Mrs. Nye. The respondent criticizes the affidavit because it contains no averment of the affiant's belief that Mrs. Nye was a nonresident, and no statement that "plaintiff has been or will be unable with due diligence to serve the defendant personally within the state." Code Civ. Proc. § 439, authorizes an order for service by publication where it appears by affidavit that the plaintiff has been or will be unable with due diligence to make personal service of the summons. What is required is, not that the affiant, but the judge, shall be satisfied that the defendant is a nonresident, and that personal service cannot be made, even with due diligence. In Belmont v. Cornen, 82 N. Y. 256, the court said:

"If the affidavit, presented to a judge to whom application was made for such an order, contained allegations tending to show that efforts had been made to find the defendant within the state and that he was not there, the judge was by the section before referred to vested-with jurisdiction to pass upon the question of the sufficiency of the proof of these facts; and, if the proof satisfied him, neither his order nor the judgment based thereon could be impeached collaterally."

In that case the affidavit merely showed that the summons had been placed in the hands of the sheriff for service, and that he had certified that he had been unable with due diligence to find the defendant in the state, and the plaintiff's attorney made affidavit that he had been informed by another attorney, who had had professional dealings with the defendant, that he resided in another state. It did not appear what efforts, if any, had been made by the sheriff to serve the summons. The order for publication was upheld.

In the recent case of Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800, the affidavit showed that a number of defendants resided out of the state, and contained the allegation, deemed so important by the respondent, that "the plaintiff will be unable with due diligence to make personal service of the summons within the state." No effort was shown to serve the summons within the state, and no reason was given for not making the effort, aside from the bare fact of nonresidence. After reviewing a number of cases, the court held the affidavit insufficient, saying:

"While any evidence having a legal tendency to show compliance with the statute, even if inconclusive, would warrant the exercise of judgment, and thus confer jurisdiction to make the order, in this case there was no evidence as to the use of any diligence, or to excuse the omission of effort to serve in this state. Even if the judge reached a wrong conclusion upon the facts presented, so that his order would be set aside on direct attack, still, if he had some legal evidence to act upon, the order would be protected from collateral attack after the entry of judgment."

In the case at bar the judge had before him proof of exactly what had been done in the effort to make service, and evidence from an apparently well informed and reliable source that the defendant was actually outside of the state and beyond the seas. This was sufficient to enable him to form a judgment as to the facts of defendant's nonresidence, and as to whether or not due diligence had been had, and whether service could be effected with due diligence. It would have added nothing if the affiant had expressed his own opinion on these points. It is not a fatal objection that the fact of nonresidence is proven by the statement as to what affiant had been told by a person apparently in possession of the facts, nor was it necessary to produce direct evidence of the fact. Information received from others as to nonresidence has frequently been received as competent. Belmont v. Cornen, supra; Howe Machine Co. v. Pettibone, 74 N. Y. 68. It will be seen that the bare allegation as to "due diligence," without facts to sustain it, was held insufficient in Kennedy v. Lamb, supra, and the only cases in which such an allegation has been held to be important have been those wherein the affidavit was otherwise insufficient. Carleton v. Carleton, 85 N. Y. 313; Kennedy v. N. Y. Life Ins. & Trust Co., 101 N. Y. 487, 5 N. E. 774; McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481. In our opinion the affidavit presented to the judge who granted the order of publication against Mrs. Nye was sufficient to confer upon him jurisdiction to find that she was a nonresident of the state, and that the plaintiff had been and would be unable with due diligence to make personal service upon her. If he had jurisdiction, his order cannot be impeached collaterally.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the affidavit upon which the order for service by publication was granted was insufficient to give the court jurisdiction. Sufficient facts were not shown upon which to predicate a judgment that due diligence had been used and that the defendant could not be found within the jurisdiction of the court. It did not appear that the summons had been issued to the sheriff, with directions to serve it, and that it had been returned with a certificate that the defendant could not be found; nor did it ever appear that the directory had been consulted to ascertain whether or not the defendant resided in the city. It appears that there was a house on the premises; but it is not shown that any attempt was made to obtain any information there concerning her whereabouts. It appears merely that the clerk of the attorney for the plaintiff was of opinion that he knew of no source to obtain information concerning her whereabouts, except by applying to real estate agents, who apparently had a sign on the premises; and jurisdiction is sought to be sustained upon the unverified declarations of one of these agents. Even the agency of the real estate agents rests on the declarations of one of the members of the firm, and on the fact that they had a sign upon the premises. It

was not shown that the plaintiff or his attorneys were without knowledge as to the residence or whereabouts of the defendant. I think that the foundation for the service by publication was not as well laid as in Empire City Savings Bank v. Silleck, 98 App. Div. 139, 90 N. Y. Supp. 561, affirmed 180 N. Y. 541, 73 N. E. 1123, where it was held that the court did not acquire jurisdiction. I am also of the opinion that the proof does not come up to the requirements of the rule prescribed in Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800. It was not shown by competent evidence that the defendant was a nonresident, and there was no competent evidence that she could not by the exercise of due diligence be found within the state. See Steele v. Raphael, 59 Hun, 626, 13 N. Y. Supp. 664; Everett v. Park, 34 N. Y. Supp. 827, note 2 N. Y. Ann. Cas. 58; Mowry v. Sanborn, 68 N. Y. 153; Steuben Co. Bank v. Alburger, 78 N. Y. 252; and Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590.

I therefore vote for the affirmance of the judgment.