### SUNSWICK LAND CO. v. MURDOCK.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. PROCESS (§ 96*)—PUBLICATION—ORDER FOR—AFFIDAVIT—SUFFICIENCY.

   An affidavit for service of summons by publication that defendants respectively resided in distant states named sufficiently showed facts, as required by Code Civ. Proc. § 439, from which the conclusion might be drawn that defendants could not be personally served in the state.

   [Ed. Note.—For other cases, see Process, Cent. Dig. § 118; Dec. Dig. § 96.*]

2. PROCESS (§ 96*)—PUBLICATION—ORDER FOR—AFFIDAVITS.

   Where an affidavit for service of summons by publication stated sufficient facts, as required by Code Civ. Proc. § 439, from which the conclusion might be drawn that defendants could not be personally served in the state, it was immaterial that it also stated such conclusion, for such part of the affidavit was only verbiage.

   [Ed. Note.—For other cases, see Process, Cent. Dig. § 118; Dec. Dig. § 96.*]

Appeal from Special Term, Queens County.

Action for specific performance of a contract of sale of real estate by the Sunswick Land Company against Walter E. Murdock. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert S. Murphy, for appellant.

Franklin Pierce (Arthur J. Baldwin, on the brief), for respondent.

GAYNOR, J.   The affidavit on which the order of service on the non-resident defendants was made was that one of the said defendants resides in Lehigh, state of Iowa, and the other in Victor, state of Colorado, naming them.   These facts were certainly sufficient to enable the judge to draw the conclusion that they could not be personally served in this state with due diligence.   How could they?   People as a rule stay where they reside.   People living off in Iowa and Colorado do not often come to this state; most of them never do.   Courts and judges may base conclusions on reasonable or natural inferences.   But fault is found that the affidavit draws the conclusion, for it concludes as follows: "That the plaintiff will be unable with due diligence to make personal service of the summons in said action upon the said several defendants above named because of the absence of the said defendants" (naming them) "and each of them from the state of New York," following the words of Code Civ. Proc. § 439.   But how, pray, does this matter?   This part of the affidavit was only verbiage.   The Code provision requires that the affidavit state facts from which the conclusion may be drawn, not that it state the conclusion.   It was not for the affidavit to state the conclusion at all, but the facts from which the judge could draw the conclusion; and this it did.   The judge's conclusion does not rest on the affiant's volunteered conclusion, but on the facts of foreign residence alleged in the affidavit.   It seems that in the case of the states bordering on this state, and whose people in general are constantly coming here, many of them being in business or working here, thus making one community with us, as it were, the mere fact of foreign residence might not suffice to enable the conclusion required by the Code to be drawn, viz., "that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons"; but in respect of distant states and countries it evidently does.   Many conclusions in the administration of justice are properly drawn on less probative evidence.   McLaughlin v. McCann, 123 App. Div. 67, 107 N. Y. Supp. 762.

The judgment should be affirmed.   All concur.

Judgment affirmed, with costs.