## STANTON v. EASTMAN et al.

(Supreme Court, Special Term, Niagara County.  May, 1909.)

1. PROCESS (§ 98*)—SERVICE—PUBLICATION—ORDER—COLLATERAL ATTACK.

If an affidavit for an order· for service of summons upon ·nonresident defendants, under the judgment tends, however inconclusively, to show compliance with the statute so as to warrant a determination of nonresidence, the order will be protected, at least from collateral attack, after judgment.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 98.*]

2. PROCESS (§ 96*)—SERVICE—PUBLICATION—AFFIDAVIT OF NONRESIDENCE.

An affidavit, in partition proceedings, that certain defendants resided in Ohio and California, and that it would be impossible to make personal service upon them, sufficiently showed facts, as required by Code Civ. Proc. § 439, from which it might be concluded that such defendants could not be personally served, as against an attack thereon by the purchaser at the partition sale upon motion to compel him to complete his purchase, though there was no proof of effort to make service in the state, nor was any reason given why such effort would be useless.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 96.*]

Partition by Emma L. Stanton against Ruth L. Eastman and others. Motion by plaintiff to compel one Richardson to complete his purchase of land bought at sale.  Motion granted.

George F. Thompson, for plaintiff.

Abner T. Hopkins, for purchaser.

POUND, J.  This is an action in partition.  The purchaser at the referee's sale under the interlocutory judgment objects to the title tendered on the ground that it is not marketable.  Plaintiff obtained an order for service of the summons upon nonresident defendants on an affidavit, which reads as follows:

"Emma L. Stanton, being duly sworn, says she is the plaintiff in the above-entitled action; that the defendant Josephine D. Bobst resides at the city of Toledo, state of Ohio, and that the defendants Walter Lyon, Jessie Lyon, and Bertie Lyon reside at San Francisco, Cal.; that deponent knows that the residence of said defendants to be as aforesaid, and knows that it will be impossible to serve the summons and complaint upon the said defendants personally within the state of New York, and that, therefore, an order of publication or for service without the state will necessarily have to be made by this court in order to permit service upon said defendants above named."

It does not otherwise appear that plaintiff "has been or will be unable with due diligence to make personal service of the summons" on the nonresidents, as required by Code Civ. Proc: § 439.  The purchaser maintains that no evidence was presented to the justice who made the order which authorized a judicial determination that plaintiff would be unable with due diligence to make personal service in this state, and that the service is therefore incomplete.  If the affidavit is insufficient to confer jurisdiction upon the justice to make the order, the purchaser is justified in refusing to complete his purchase; but if it contains any evidence, however inconclusive, having a legal tendency to show compliance with the statute, warranting the exercise of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment and a determination of the fact of absence from the state, the order will be protected, at least from collateral attack after the entry of judgment. Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800. Under the old Code of Procedure (section 135) it was necessary to show that the nonresident "cannot, after due diligence, be found within the state." The section of the Code of Civil Procedure (section 439), now in force requires either due effort to serve or sufficient reasons for not making the effort. Under the old Code the decisions of the Court of Appeals are not wholly harmonious.

In Kennedy v. New York L. Ins. & Trust Co., 101 N. Y. 487, 5 N. E. 774, decided in 1886, the nonresident defendants resided in Baltimore, in the state of Maryland. The affidavit went no further than the one before us in this case, alleging merely nonresidence, but it was held sufficient to give the court jurisdiction, and to sustain the order against collateral attack. The judge was permitted to infer from residence in Maryland that defendant could not be found in New York. I am unable to harmonize the Kennedy Case with either the earlier case of Carleton v. Carleton, 85 N. Y. 313, or the later case of McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481, both of which hold that mere averments of nonresidence, coupled with the conclusion that the defendants cannot be found within the state, are insufficient, and that some degree of diligence must be actually exercised to make service within the state, unless strong and positive proof is furnished that the defendant is not only a nonresident, but actually living without the state, so that due diligence would be unavailing. In the Carleton Case the defendant resided in California, and that case is controlling here unless modified by later decisions. In Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800, it is held that mere proof of residence in a state bordering on this state, with no proof of effort made to find or serve within this state, and no reason given why such effort, if made, would be useless, is not sufficient to confer jurisdiction to make the order of publication.

The court takes notice of the fact that many residents of New Jersey come to New York frequently for business and pleasure, and holds that residence in New Jersey is not in the slightest degree inconsistent with daily presence in New York, but it declines to say that mere proof of residence in a state as far from New York as Maryland does not permit the inference that the person to be served cannot be found in this state. It carefully holds merely that such inference is not permissible simply from proof of residence in an adjoining state, and reserves the question of the effect of proof of residence in more distant states and foreign countries.

The Appellate Division in the Second Department has recently held that proof of residence in Iowa is sufficient in itself to justify the conclusion that service cannot be made in New York, because Iowa is so remote a locality that the judge might legitimately conclude that a resident of that state would not be found in New York. Sunswick Land Co. v. Murdock, 129 App. Div. 579, 114 N. Y. Supp. 436. This decision upholds the order before the court on this motion so far as

the nonresident Californians are concerned. It was stated on the argument that the title does not depend upon the validity of the service on the defendant resident in Ohio. Why one should infer absence from New York from residence in Ohio, or even in California, is not apparent at first glance. Ohio is neither an adjoining state nor geographically a distant locality; but if a line is to be drawn between adjoining states and distant states, and if Maryland is to be deemed a distant state, it would seem that Ohio might be deemed remote, and not as a place of residence for many persons frequently in New York for the purposes of sustaining this order on this motion.

Held, that the affidavit was sufficient, and that the purchaser must complete his purchase. So ordered.