COAKLEY v. RICKARD.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. ATTACHMENT (§ 249*)—VACATION—MOTION MADE ON ORIGINAL PAPERS.

Where a motion to vacate an attachment, made on the original papers, presents only a question as to their sufficiency to confer jurisdiction to grant the warrant, they must be liberally construed in favor of the attaching plaintiff, and every legitimate inference from the facts shown must be drawn in his favor, and hence it is sufficient if the original papers show a prima facie case for the attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 861–876; Dec. Dig. § 249.*]

2. ATTACHMENT (§ 249*) — NONRESIDENCE OF DEFENDANT — SUFFICIENCY OF SHOWING.

From the original papers on which a motion for attachment against a nonresident, sued on a Nevada judgment, was based, it appeared, by correspondence between plaintiff and defendant prior to recovery of the judgment, that plaintiff was a physician, and defendant was indebted to him for professional services rendered before defendant went West; the correspondence extending over more than one year, and all of it showing defendant was engaged in business and sojourning, at least, in Nevada. The affidavit of plaintiff showed, according to his information and belief, based on statements made to him by defendant personally, that he was a nonresident and resided in Nevada. Held, that this affidavit, with the correspondence and recovery of the Nevada judgment, sufficiently showed defendant's nonresidence.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 861–876; Dec. Dig. § 249.*]

3. COURTS (§ 35*)—PRESUMPTION AS TO JURISDICTION.

It is to be presumed, in favor of a judgment in personam on a claim for which liability is conceded, rendered by a competent court of general jurisdiction of another state, that it duly obtained jurisdiction over defendant's person and was authorized to enter the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 140, 141, 145, 146; Dec. Dig. § 35.*]

4. JUDGMENT (§ 913*)—COMPLAINT ON JUDGMENT.

A judgment for a sum of money is necessarily due, and hence a complaint to recover on such a judgment need not expressly allege that plaintiff's claim is due, though such an allegation is also usually required.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1740–1743; Dec. Dig. § 913.*]

5. JUDGMENT (§ 940*)—ACTION AGAINST NONRESIDENT—SUIT ON FOREIGN JUDGMENT—IDENTIFICATION OF PARTY.

In the title of a pending action on a foreign judgment against the nonresident defendant, he was designated as "George L. Rickard (the name 'George' being fictitious)," and claim was made, in support of an objection that defendant was not sufficiently identified as the party against whom recovery was had, that no defendant is positively named in the title, so that the allegation of the complaint that recovery was had against the defendant therein named was of no value, and there could be no valid judgment against defendant in that form. A transcript of the judgment, however, was annexed to and formed part of the complaint, and that showed that the foreign action and judgment were each against "G. L. Rickard." Held, that it might therefore be shown that the defendant was the party against whom the foreign judgment was recovered, and, if so, plaintiff could recover on proof of the other material facts.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 940.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Cornelius G. Coakley against George L. Rickard. From an order vacating a warrant of attachment, plaintiff appeals. Reversed.

See, also, 120 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clarence M. Lewis, for appellant.

Charles Lex Brooke, for respondent.

LAUGHLIN, J. The action is brought to recover over on a judgment recovered by one M. Llewellyn Griffith against the defendant in the district court, Second judicial district, county of Washoe, in the state of Nevada, on the 2d day of September, 1909, which has been assigned to the plaintiff. The warrant of attachment was issued upon the ground of nonresidence of the defendant. The motion to vacate it was made on the original papers only, and was based upon the grounds (1) that the papers upon which it was granted were insufficient to show that the defendant was a nonresident of the state; (2) that the complaint fails to state facts sufficient to constitute a cause of action; and (3) that the identity of the defendant with the judgment debtor was not sufficiently shown.

The motion, having been made on the original papers, virtually presented only a question as to the sufficiency of the papers to confer jurisdiction on the court to grant the warrant; for the rule is well settled that in such case the papers on which the warrant was granted must be liberally construed in favor of the plaintiff, and every legitimate inference from the facts shown must be drawn in his favor. Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936; Everitt v. Park, 88 Hun, 368, 34 N. Y. Supp. 827. It is sufficient, therefore, if the original papers show a prima facie case for an attachment. We are of opinion that they do. It appears by correspondence between the plaintiff and the defendant, prior to the recovery of the judgment in Nevada, that the plaintiff is a physician, and that the defendant was indebted to him for professional services rendered before the defendant went West. This correspondence extends over a period of more than one year, and all of it shows that the defendant was engaged in business and sojourning, at least, in Nevada, and the liability was conceded. The affidavit of the plaintiff shows, among other things, that:

"The defendant, G. L. Rickard, is not a resident of this state, but resides in the state of Nevada, as I am informed and believe. My information and belief is based upon statements made to me by said Rickard personally."

Reference is then made to the correspondence. We are of opinion that this affidavit, together with the correspondence and the recovery of the judgment in Nevada, sufficiently show the nonresidence of the defendant. It is a fair inference from his affidavit that defendant said to him at a personal interview that he resided in Nevada. Of course, it would have been more satisfactory if he had quoted to us the words, or the substance of the words, used by defendant, and that is ordinarily required; but on the whole we deem the fact of nonresidence sufficiently shown.

.With respect to the cause of action, it appears that the recovery was ·on an assigned claim of the plaintiff for the professional services, for which liability was conceded. It is alleged that the court in which the recovery was had in Nevada was a competent court of general juris- ·diction, and it is presumed in favor of such a judgment that the court ·duly obtained jurisdiction over the person of the defendant and was .authorized to enter the judgment in personam. Smith v. Central Trust Co., 154 N. Y. 333, 48 N. E. 553.

The further objection is made that it does not appear that the plain- tiff's claim is due. It is alleged that it is owing; but the papers do not ·contain the express allegations that it is due. Such an allegation is .also usually required. The argument is made that it may not be due; but we are of opinion that the nature of the claim sufficiently shows that it is due. A judgment for a sum of money is necessarily due.

The further objection is made that the defendant is not sufficiently identified as the party against whom the recovery was had in Nevada. It appears by the complaint that the recovery was had against the de- fendant herein named. The claim is made that no defendant is pos- itively named in the title of this action, and that, therefore, this al- legation is of no value, and, further, that there could be no valid judg- ment against a defendant in that form; and the case of Goldberg v. Markowitz, 94 App. Div. 237, 87 N. Y. Supp. 1045, affirmed 182 N. Y. 540, 75 N. E. 1129, is cited as authority for that contention. A transcript of the judgment, however, is annexed to and forms part of the complaint, and that shows that the action was against, and that the judgment was recovered against G. L. Rickard. Upon the trial, it may be shown that the defendant sued herein was the G. L. Rickard against whom the judgment was recovered in Nevada, and, if so, the plaintiff will be entitled to recover on proof of the other material facts. Rice v. Coutant, 38 App. Div. 543, 56 N. Y. Supp. 351; Gottlieb v. Alton Grain Co., 87 App. Div. 380, 84 N. Y. Supp. 413, affirmed 181 N. Y. 563, 74 N. E. 1117.

It follows, therefore, that the order should be reversed, with $10. ·costs and disbursements, motion denied, and attachment reinstated, with $10 costs. All concur.