(82 Misc. Rep. 652.)

## CARMAN v. BEDELL.

(Supreme Court, Special Term, Nassau County.   October 26, 1913.)

1. VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE—SALE TO PAY DECEDENT'S DEBTS—CONSTRUCTIVE SERVICE.

In a suit for specific performance, defendant claimed that the title was unmarketable because, in an action to sell the land in 1879, affidavits for publication against nonresident defendants were not sufficient. The affidavits upon which the order of publication was issued alleged that defendants were residents of the city of Toledo, Ohio, and that deponent, plaintiff's attorney, had used due diligence to serve them with process in the state. Held that, as the attack upon the validity was only collateral, the affidavits were sufficient.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 247; Dec. Dig. § 130.*]

2. JUDGMENT (§ 747*)—CONCLUSIVENESS—MATTERS CONCLUDED.

In a suit for specific performance, where specific performance of a contract between different parties for the sale of the same land was denied because the contract called for such title as a title company would insure, and the company refused to insure because of alleged defective publication, that judgment was not an adjudication that the publication was defective.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1053, 1284–1296; Dec. Dig. § 747.*]

Action by Ella F. Carman against Theodore Bedell.   Upon motion for judgment on the pleadings.   Motion granted.

The above action was brought by the plaintiff as vendor by reason of a certain agreement to sell certain real premises situated at Rockville Centre, Long Island. The above agreement of purchase and sale of real estate after several adjournments was set down for closing on October 16, 1913, and the above defendant at the time therein set for closing absolutely refused to take title, claiming that same was unmarketable in two particulars, namely,

that in a certain action brought about the year 1879 two defendants in said action were served by publication. At that time the premises were owned by one Jacob Woerman, who died testate and had devised the premises in question to his two daughters, namely, Amanda Mitchel and Mollie Howarth. In the action brought to sell the property for payment of debts said Mollie Howarth and Amanda Mitchel were served by publication, and the affidavit upon which the order of publication was founded merely recited that Amanda Mitchel and Mollie Howarth were residents of the city of Toledo, Queens county, Ohio, and added that the deponent in such affidavit, who was the plaintiff's attorney, used due diligence and effort to locate the said Amanda Mitchel and Mollie Howarth, and serve them within the state of New York. Said affidavit was made positively and not upon information and belief.

An action was brought by one Louis Leder in the Supreme Court of Nassau county against one William Schneider, who had purchased the said premises from Elizabeth Carman, the mother of the plaintiff herein, and in said action the judgment stated that the publication herein referred to was insufficient to have conferred jurisdiction upon the judge who made the order in said proceeding, which was based upon the title company's form of contract, in which it was provided that the title had to be such as would be approved by the title company. The above action was argued before the Supreme Court Judge James Van Siclen on October 16, 1913.

The defendant interposed an answer to the complaint, alleging the objection that the title was unmarketable by reason of defective publication and also by reason of the judgment previously entered in the action of Leder v. Schneider. A motion was then made by the plaintiff for judgment on the pleadings, and said motion was returnable before Judge Van Siclen October 18, 1913.

George Morton Levy, of Freeport, for plaintiff.
Albin N. Johnson, of Freeport, for defendant.

VAN SICLEN, J. [1] This is an application by the plaintiff for judgment on the pleadings. Counsel conceded that all the material allegations of fact as set forth in the pleadings may be considered as true and complete statement thereof. The action is brought for specific performance of a certain contract for the purchase and sale of certain real estate located in Nassau county, and the defendant has refused to take title to the property, contending that the title thereof is not marketable because jurisdiction was not acquired of certain defendants in an action brought affecting said premises in the year 1879. Such defendants, it appears, were served or attempted to be served by publication. Affidavits upon which the order of publication was granted seemed clearly sufficient under recent controlling authorities. Sunswick Land Co. v. Murdock, 129 App. Div. 579, 114 N. Y. Supp. 436, affirmed 199 N. Y. 517, 92 N. E. 1103. And especially in view of the fact that the same is herein attacked only collaterally. See Stanton v. Eastman, 63 Misc. Rep. 385, 116 N. Y. Supp. 852.

[2] The title to the premises in question seems to have been the subject of previous litigation in the year 1906, when specific performance of a contract for the purchase and sale of this property was denied by this court. Said contract, however, provided and called for such a title as a certain title company therein named would insure, and said title company thereafter refused to insure on account of the alleged defect referred to, and upon other grounds as well. It seems that the findings in this action were to the effect, inadvertently no doubt, that the title was unmarketable by reason and on account of the alleged de-

fect hereinbefore referred to. It does not appear, however, that the validity of such alleged defect was litigated or necessarily raised in said action, and the refusal of the title company to insure seems to have been an absolute defense to the action. Assuming, however, that the refusal of the title company to insure was based solely upon the ground of the alleged defect in publication, still a finding or decision in said action would not in any way be decisive of the point at issue or involved nor binding upon the parties to this action.

Said motion, therefore, for judgment on the pleadings in favor of the plaintiff, must be granted, with costs, and in view of the verbal stipulation of the parties, which would be reduced in writing and filed herein, that all the facts relevant to the issues have been pleaded and are contained in the papers submitted, leave to defendant to plead over is hereby dispensed with. Findings and judgment should be submitted in accordance with the foregoing memorandum.